FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 3 0 2020

JAMES N. HATTEN, Clerk

By: _____ Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| RICKY R. FRANKLIN | ) | Civil Action No: |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | **1:20-CV-1410** |
| V. | ) | **JURY DEMAND** |
|  | ) |  |
| CENLAR FSB d/b/a CENTRAL | ) |  |
| LOAN ADMINISTRATION AND | ) |  |
| REPORTING (CENLAR) |  |  |
| Defendant |  |  |

## ORIGINAL COMPLAINT

Now Comes Plaintiff, Ricky R. Franklin, Pro se, who resides in Stockbridge,

Georgia, County of Henry, by and through himself and for his Verified Complaint

against the Defendant, CENLAR FSB d/b/a CENTRAL LOAN

AMINISTRATION AND REPORTING (CENLAR) and Plaintiff states as

follows:

## NATURE OF THIS ACTION

1. This is an action for actual and statutory damages arising out of and relating to

the conduct of Defendant CENLAR FSB d/b/a CENTRAL LOAN

AMINISTRATION AND REPORTING (CENLAR) to include all of its entities

acting on behalf of CENLAR and in negligently, knowingly/willfully violating the

Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692, *et seq*; the

Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227 *et seq*; and

the Fair Credit Reporting Act, 15 U.S.C. section 1681 et seq. ("FCRA").

2.  Plaintiff contends that Defendant CENLAR had acted voluntarily, intentionally

and under its own free will and knew or should have known that Defendants was

engaged in acts that constitute violations of several statutes.

3.  Plaintiff contends that the Defendant have violated such laws by repeatedly

harassing Plaintiff in attempts to collect an alleged debt.

## JURISDICTION & VENUE

4.  Jurisdiction of this Court is conferred by 15 U.S.C. § 1692 and 28 U.S.C. §

1331. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

5.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. RICKY R. FRANKLIN, (hereinafter, "Plaintiff"), is a natural person who was at

all relevant times residing in the county of Henry, state of Georgia.


7.  Defendant, CENLAR FSB d/b/a CENTRAL LOAN AMINISTRATION AND

REPORTING (CENLAR) (hereinafter "CEN") is a foreign corporation, located  at

7 Graphics Drive, Ewing, NJ 08628

2

9. Defendant CEN is a debt collector within the meaning of the FDCPA U.S.C. §1692a(6) as debt collection is part of its ordinary business practice and Defendant regularly collects debts on behalf of others.  Defendants acquired the alleged debt while in default.

## ALLEGATIONS OF FACT

10. On April 3rd, 2019 Defendant CEN sent Plaintiff a letter that informed him to start making payments to them.  At this time, Defendant also informed Plaintiff that the loan was in default when Defendant CEN acquired it.  Plaintiff had never heard of this entity and responded by sending them a debt validation letter.

11. On April 22nd, 2019 Plaintiff requested a validation of the debt and disputed the entire debt by sending a letter to the Defendants office in reference to FDCPA 15 U.S.C. 1692g .  Additionally, this letter informed CEN that as a furnisher of information, they are required to inform the Credit Reporting Agencies that this debt was in dispute.  Plaintiff sent 2 additional letters on the same date that referenced federal laws of 15 USC §§ 1601-1667j and U.C.C. - ARTICLE §3-501 (b) 2 (1)....Plaintiff sent in a qualified written request to inspect the original note or any agreements that he had a duty pay the Defendant CEN.  All three letters included a communications clause that stated "all communications **must be done** by US mail only"

3

12. On April 25th, 2019, Defendant CEN responded by sending a letter requiring more time to look into the matter and without properly validating the debt. These items were started to be reported to the CRAs damaging his credit. Also, on April 25th in a separate letter, Defendant CEN sent a letter indicating another party Citimortgage as the owner/assignee of the debt with P.O. Box address.

13. On May 14, 2019, defendant responded again by sending a letter indicating another party originated the loan and that the loan is registered in MERS. Further, that the loan is not recorded or assigned in the county of records however it is reflected in MERS.

14. On May 31st, 2019, Plaintiff sent another letter to Defendant indicating to them that the validation of the debt was insufficient under the Fair Debt Collection Practices Act, 15 U.S.C. 1692g. The letter also informed Defendant CEN that the entire debt was in dispute and to "cease and desist" collection of this debt.

15. Sometime in October 2019, Plaintiff received an email from Defendant CEN that stated "we were unable to reach you by phone, please call 800#"

16. On October 24th, 2019 at 1421hrs, Plaintiff called and talked to a representative that stated when they took over the loan, my loan was delinquent and in default. The phone call abruptly ended, so Plaintiff called back and informed representative **not to add** his cellphone number to his file.

4

and in default.  The phone call abruptly ended, so Plaintiff called back and

informed representative **not to add** his cellphone number to his file.

17.  On November 15th 2019 at 0845, Plaintiff called and talked to a representative

an informed her that it was okay to call, however, Plaintiff did not want to receive

automated calls to his cellphone.

18.  On December 3rd, 2019, Plaintiff answered his cellphone calling from 800-

242-7178 and was greeted by an automated voice that stated:  "Please call Central

loan and Administration & Reporting at 800-242-7178, again that number is 800-

242-7178. Thank you"

19.  On December 4th, 2019, Plaintiff answered his cellphone calling from 800-

242-7178 and was greeted by an automated voice that stated:  "Please call Central

loan and Administration & Reporting at 800-242-7178, again that number is 800-

242-7178. Thank you"

20.  On December 5th, 2019, Plaintiff sent the Defendant a letter by US mail

informing Defendant CEN that he did not consent to receive automated calls, and

to please stop calling his cellphone.

21.  Again, on March 7th 2020, Plaintiff sent the Defendant a letter by US mail

informing Defendant CEN that he did not consent to receive automated calls, and

to please stop calling his cellphone.

22. Plaintiff avers and continues to receive these same automated messages every time he answered his cellphone. Plaintiff has been called more than 62 (sixty-two) times on his cellphone.

23. Despite Plaintiff's request, the Defendant CEN continued to harass Plaintiff with automated calls which caused the Plaintiff to incur significant anxiety and inconvenience.

24. Upon information and belief, all of the calls Defendant placed to Plaintiffs cellular phone were placed using an "automatic telephone dialing system" (hereinafter, "auto-dialer"), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1)

25. Plaintiff suffered a concrete and real invasion of Plaintiff's legally protected privacy rights through Defendant's violation of the TCPA. The continuous unwarranted phone calls caused the Plaintiff harassment, as well use of his personal phone which could have been used for other purposes.

26. Plaintiff received his credit report from the 3 major credit reporting agencies (CRAs) Equifax, Experian, and Transunion. The reports reflect negative information concerning this debt that was never verified by Defendant CEN.

27. The Fair Credit Reporting Act ("FCRA") 15 U.S.C. 1681-1681y, imposes

6

responsibilities on all persons who furnish information to consumer reporting agencies (CRAs). These responsibilities are found in 15 U.S.C. 1681s-2 of the FCRA.

28. Specifically, if consumer disputes inaccurate information with a CRA, and a CRA notifies the furnisher that a consumer disputes the completeness or accuracy of information provided by the furnisher, the furnisher has a duty to follow certain procedures.

29. Accordingly, a furnisher of information must conduct a "reasonable investigation" as proscribed by the Act.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, ET seq

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a (3).

32. Defendant CENLAR is a debt collector within the meaning of the FDCPA, 15 U.S.C. § 1692a (6) as debt collection is part of its ordinary business practice and Defendant regularly collects debts on behalf of others.

33.  Defendant CENLAR does not have a right to collect this debt as no assignment exist in the county records and MERS does not list Defendant CENLAR as a servicer for this debt.

Defendant continues to send harassing letters after receipt of the Plaintiff's letter to cease and desist.  Defendant knew or should have known that the letters and phone calls made were inconvenient to the consumer.  Such communications are prohibited by 15 U.S.C. § 1692c(c).

34.  The Defendants' conduct violated 15 U.S.C. § 1692e (10) in that Defendants used false and deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

35.  The Defendants' conduct violated 15 U.S.C. § 1692e (15) in that Defendants used documents that are not legal process forms.

36.  The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendant used unfair or unconscionable means to collect or attempt to collect the alleged debt.

37.  The Defendants' conduct violated 15 U.S.C. § 1692g in that Defendants failed to validate the alleged debt.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227, et seq

38.  The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.  Using an automated dialing system, and after Plaintiff revoked consent, the

Defendant CEN contacted the Plaintiff over 62(sixty-two) times by means of

artificial pre-recorded voice messages to a cellphone or pager in violation of 47

U.S.C. 227(b)(1)(A)(iii).

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## SECTION 1681s-2(b)

40. The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

41. Defendant willfully failed to comply with the requirements imposed under the

FCRA, including but not limited to failing to comply with the requirements in 15

U.S.C. section 1681s-2(b).

42. As a result of Defendants violations of the FCRA, Plaintiff suffered and

continues to suffer damages including denial of credit, lost opportunity to receive

credit, damage to reputation, worry, frustration, embarrassment, and humiliation,

all to his damages in an amount to be determined by the jury.

43. Plaintiff is entitled to punitive damages in an amount to be determined by the

jury.

## PRAYER FOR RELIEF

a) Awarding statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692 *et seq* against Defendant CENLAR, INC;

b) As a result of Defendant CENLAR, INC., willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks statutory damages of $1500.00 for each and every call that violated the TCPA;

c) Awarding statutory, punitive, and compensatory damages against Defendant CENLAR, INC., based upon multiple violations of the FCRA;

d) Injunctive Relief barring Defendants from bringing future actions against Plaintiffs;

e) Declaration that Defendant CENLAR, INC., has no standing to collect this debt;

f) A trial by jury on all issues so triable;

g) Such other and further relief as may be just and proper.


Pursuant to Title 28 USC 1746(1) and executed "without the United States," I affirm under penalty or perjury under the laws of the USA that the foregoing is true and correct to the best of my belief and informed knowledge".

Respectfully submitted,

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281
678-650-3733
rrfrank12@hotmail.com

10