# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RICKY R. FRANKLIN | Civil Action No: |
| Plaintiff, | **1:20-CV-1410-MLB-WEJ** |
| V. | **1ST AMENDED COMPLAINT** |
| CENLAR FSB d/b/a CENTRAL LOAN ADMINISTRATION AND REPORTING (CENLAR) and | |
| CARRINGTON MORTGAGE SERVICES, LLC | |
| Defendants | |

## AMENDED COMPLAINT

Now Comes Plaintiff, Ricky R. Franklin, Pro se, who resides in Stockbridge, Georgia, County of Henry, by and through himself and for his Verified Amended Complaint against the Defendant, CENLAR FSB d/b/a CENTRAL LOAN AMINISTRATION AND REPORTING (CENLAR) and CARRINGTON MORTGAGE SERVICES, LLC and Plaintiff states as follows:

## INTRODUCTION

Plaintiff amends his complaint to add a Defendant of Carrington Mortgage Services LLC. After filing his complaint on March 31st, 2020, Plaintiff was informed by Defendant Cenlar, that a service transfer had taking place with Carrington. Plaintiff received this notice on April 20th, 2020.

## NATURE OF THIS ACTION

1. This is an action for actual, statutory, and punitive damages arising out of and relating to the conduct of Defendant CENLAR FSB d/b/a Central loan administration and reporting (CENLAR) (hereinafter, "CEN or Defendants")and Carrington Mortgage Services, LLC (hereinafter, "CAR or Defendants") to include all of its entities acting on behalf of both Defendants and in negligently, knowingly/willfully violating the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692, *et seq*; the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227 *et seq*; the Fair Credit Reporting Act, 15 U.S.C. section 1681 et seq. ("FCRA") and . violation of the Truth In Lending Act (TILA), 15 U.S.C. §1641by both Defendants.

2. Under the newly instituted Federal government's relief response to the Coronavirus Aid, Relief and Economic Security (CARES) Act, Plaintiff contends that Defendants acted voluntarily, intentionally and under its own free will and

knew or should have known that Defendants was engaged in acts that constitute violations of several federal statutes.

3. Plaintiff contends that the Defendants have violated such laws by repeatedly harassing Plaintiff in attempts to collect an alleged debt.

## JURISDICTION & VENUE

4. Jurisdiction of this Court is conferred by 15 U.S.C. § 1692 and 28 U.S.C. § 1331. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. RICKY R. FRANKLIN, (hereinafter, "Plaintiff"), is a natural person who was at all relevant times residing in the county of Henry, state of Georgia.

7. Defendant, CENLAR FSB d/b/a CENTRAL LOAN AMINISTRATION AND REPORTING (CENLAR) (hereinafter "Defendant CEN or Defendants") is a foreign corporation, located at 780 Township Line Road, Building 3, Yardley, PA 19067.

8. Defendant, Carrington Mortgage Services, LLC (hereinafter "Defendant CAR or Defendants") is a foreign corporation with location in Anaheim California with a registered agent of CT Corporation System located at 289 S Culver St, Lawrenceville, GA 30046.

3

9. At all relevant times, Defendant CEN has not and has never been registered to conduct business in Georgia nor solicit any business in Georgia. Defendant CAR is registered to do business in Georgia with the Secretary of State.

10. Defendants are debt collector within the meaning of the FDCPA U.S.C. §1692a(6) as debt collection is part of its ordinary business practice and Defendant regularly collects debts on behalf of others. Defendants acquired the alleged debt while in default.

## ALLEGATIONS OF FACT FOR DEFENDANT CENLAR(CEN)

11. On April 3rd, 2019 Defendant CEN sent Plaintiff a letter that informed him to start making payments to them. At this time, Defendant also informed Plaintiff that the loan was in default when Defendant CEN acquired it. Plaintiff had never heard of this entity and responded by sending them a debt validation letter.

12. On April 22nd, 2019 Plaintiff requested a validation of the debt and disputed the entire debt by sending a letter to the Defendants office in reference to FDCPA 15 U.S.C. 1692g . Additionally, this letter informed CEN that as a furnisher of information, they are required to inform the Credit Reporting Agencies that this debt was in dispute. Plaintiff sent 2 additional letters on the same date that referenced federal laws of 15 USC §§ 1601-1667j and U.C.C. - ARTICLE §3-501 (b) 2 (1)....Plaintiff sent in a qualified written request to inspect the original note or

any agreements that he had a duty pay the Defendant CEN. All three letters included a communications clause that stated "all communications **must be done** by US mail only"

13. On April 25th, 2019, Defendant CEN responded by sending a letter requiring more time to look into the matter and without properly validating the debt. These items were started to be reported to the CRAs damaging his credit. Also, on April 25th in a separate letter, Defendant CEN sent a letter indicating another party Citimortgage as the owner/assignee of the debt with P.O. Box address.

14. On May 14, 2019, defendant responded again by sending a letter indicating another party originated the loan and that the loan is registered in MERS. Further, that the loan is not recorded or assigned in the county of records however it is reflected in MERS.

15. On May 31st, 2019, Plaintiff sent another letter to Defendant indicating to them that the validation of the debt was insufficient under the Fair Debt Collection Practices Act, 15 U.S.C. 1692g. The letter also informed Defendant CEN that the entire debt was in dispute and to "cease and desist" collection of this debt.

16. Sometime in October 2019, Plaintiff received an email from Defendant CEN that stated "we were unable to reach you by phone, please call 800#"

17. On October 24th, 2019 at 1421hrs, Plaintiff called and talked to a representative that stated when they took over the loan, my loan was delinquent and in default. The phone call abruptly ended, so Plaintiff called back and informed representative **not to add** his cellphone number to his file.

18. On November 15th 2019 at 0845, Plaintiff called and talked to a representative an informed her that it was okay to call, however, Plaintiff did not want to receive automated calls to his cellphone.

19. On December 3rd, 2019, Plaintiff answered his cellphone calling from 800-242-7178 and was greeted by an automated voice that stated: "Please call Central loan and Administration & Reporting at 800-242-7178, again that number is 800-242-7178. Thank you"

20. On December 4th, 2019, Plaintiff answered his cellphone calling from 800-242-7178 and was greeted by an automated voice that stated: "Please call Central loan and Administration & Reporting at 800-242-7178, again that number is 800-242-7178. Thank you"

21. On December 5th, 2019, Plaintiff sent the Defendant a letter by US mail informing Defendant CEN that he did not consent to receive automated calls, and to please stop calling his cellphone.

22. Again, on March 7th 2020, Plaintiff sent the Defendant a letter by US mail informing Defendant CEN that he did not consent to receive automated calls, and to please stop calling his cellphone.

23. Plaintiff avers and continues to receive these same automated messages every time he answered his cellphone. Plaintiff has been called more than 62 (sixty-two) times on his cellphone.

24. Despite Plaintiff's request, the Defendant CEN continued to harass Plaintiff with automated calls which caused the Plaintiff to incur significant anxiety and inconvenience.

25. Upon information and belief, all of the calls Defendant placed to Plaintiffs cellular phone were placed using an "automatic telephone dialing system" (hereinafter, "auto-dialer"), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1)

26. Plaintiff suffered a concrete and real invasion of Plaintiff's legally protected privacy rights through Defendant's violation of the TCPA. The continuous unwarranted phone calls caused the Plaintiff harassment, as well use of his personal phone which could have been used for other purposes.

27. Under the CARES ACT, Plaintiff called Defendant CEN and requested a forbearance on payments on April 1st 2020 and the alleged debt was immediately placed in forbearance.

28. On April 13th 2020, Plaintiff received an email from Defendant CEN confirming his enrollment in the forbearance program pursuant to the CARES ACT.

29. On April 21, 2020 Plaintiff received a letter from Defendant CEN stating that the alleged debt was sold to a new entity by the name of Carrington Mortgage Services, LLC (Defendant CAR).

30. Plaintiff received his credit report from the 3 major credit reporting agencies (CRAs) Equifax, Experian, and Transunion. The reports reflect negative information concerning this debt that was never verified by Defendant CEN.

31. The Fair Credit Reporting Act ("FCRA") 15 U.S.C. 1681-1681y, imposes responsibilities on all persons who furnish information to consumer reporting agencies (CRAs). These responsibilities are found in 15 U.S.C. 1681s-2 of the FCRA.

32. Specifically, if consumer disputes inaccurate information with a CRA, and a CRA notifies the furnisher that a consumer disputes the completeness or accuracy

of information provided by the furnisher, the furnisher has a duty to follow certain procedures.

33. Accordingly, a furnisher of information must conduct a "reasonable investigation" as proscribed by the Act.

### ALLEGATIONS OF FACT FOR DEFENDANT CARRINGTON MORTGAGE SERVICES LLC (CAR)

34. On April 21st 2020 Plaintiff received a notice of transfer servicing rights from Defendant CEN to Defendant CAR at least 22 days after the commencement of the original lawsuit.

35. On May 5th, 2020, Plaintiff received an initial letter from Defendant Carrington stating that his mortgage was sold to them from Defendant Cenlar. This letter did not correctly state the (1) amount of the debt, (2)the name of the creditor; (3) or any other verifying information as required by law when communicating with a consumer.

36. Also on May 5th 2020, Plaintiff requested a validation of the debt by sending a letter to the Defendants CAR office in reference to FDCPA 15 U.S.C. 1692g . Additionally, this letter informed Defendant CAR that as a furnisher of information, they are required to inform the Credit Reporting Agencies that this debt was in dispute. Plaintiff sent 2 additional letters on the same date that referenced federal laws of 15 USC §§ 1601-1667j and U.C.C. - ARTICLE §3-501

(b) 2 (1)....Plaintiff sent in a qualified written request to inspect the original note or any agreements that he had a duty pay the Defendant CAR. All three letters included a communications clause that stated "all communications **must be done by US mail only**". To this date, they have not answered Plaintiff nor validated the debt.

37. Shortly thereafter, Plaintiff began to receive a barrage of harassing letters from Defendant CAR, demanding full payment along with the forbearance portion agreed to with Defendant CEN of the alleged debt in question.

38. These letters all came while the whole world is suffering from the pandemic of **covid-19 a.k.a coronavirus**. These letters and actions by Defendants has caused severe emotional distress, mental anguish, loss of enjoyment of life along with the stress of the pandemic caused by the virus.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq

39. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a (3).

41. Both Defendant CENLAR and Defendant Carrington is a debt collector within the meaning of the FDCPA, 15 U.S.C. § 1692a (6) as debt collection is part

of its ordinary business practice and Defendant regularly collects debts on behalf of others.

42. Defendants does not have a right to collect this debt as no assignment exist in the county records and MERS does not list any of the Defendants as a servicer for this debt.

43. Defendants continues to send harassing letters after receipt of the Plaintiff's letter to cease and desist. Defendants knew or should have known that the letters and phone calls made were inconvenient to the consumer. Such communications are prohibited by 15 U.S.C. § 1692c(c).

44. The Defendants' conduct violated 15 U.S.C. § 1692e (10) in that Defendants used false and deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

45. The Defendants violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

46. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendant used unfair or unconscionable means to collect or attempt to collect the alleged debt.

47. The Defendants' conduct violated 15 U.S.C. § 1692g in that Defendants failed to validate the alleged debt.

48. The Defendants' conduct violated 15 U.S.C. §1692e(11) by the failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.

49. The Defendants' conduct violated 15 U.S.C. §1692f(6) by threatening to unlawfully repossess or disable the consumer's property.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227, et seq

50. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. Using an automated dialing system, and after Plaintiff revoked consent, the Defendant CEN contacted the Plaintiff over 62(sixty-two) times by means of artificial pre-recorded voice messages to a cellphone or pager in violation of 47 U.S.C. 227(b)(1)(A)(iii).

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## SECTION 1681s-2(b)

52. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The Defendants willfully failed to comply with the requirements imposed under the FCRA, including but not limited to failing to comply with the requirements in 15 U.S.C. section 1681s-2(b).

54. As a result of Defendants violations of the FCRA, Plaintiff suffered and continues to suffer damages including denial of credit for a car loan of $60,000; denial of small business loan in the amount of $10,000; lost opportunity to receive credit, damage to reputation, worry, depression, loss of enjoyment of life, extreme stress, frustration, embarrassment, and humiliation, all to his damages in an amount to be determined by the jury.

55. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

## COUNT IV
## VIOLATION OF TRUTH IN LENDING ACT (TILA), 15 U.S.C. §1641 BY DEFENDANT CARRINGTON MORTGAGE SERVICES, LLC

56. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. A new creditor or assignee must provide notice of its status pursuant to 15 U.S.C. §1641(g):

(1) In general

In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—

13

(A) the identity, address, telephone number of the new creditor;
(B) the date of transfer;
(C) how to reach an agent or party having authority to act on behalf of the new creditor;
(D) the location of the place where transfer of ownership of the debt is recorded; and
(E) any other relevant information regarding the new creditor.

## PRAYER FOR RELIEF

a) Awarding statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692 *et seq* against Defendant Cenlar;

b) Awarding statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692 *et seq* against Defendant Carrington Mortgage Services, LLC;

c) As a result of Defendant CENLAR, INC., willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks statutory damages of $1500.00 for each of the sixty-two calls that violated the TCPA;

d) Awarding statutory, punitive, and compensatory damages against both Defendants based upon multiple violations of the FCRA as well;

e) Awarding damages for emotional distress, worry, frustration, mental anguish, loss of enjoyment of life as a result of unwarranted harassment during the world wide Covid-19 pandemic;

f) Plaintiff demands judgment for damages against both Defendants for punitive damages, and costs, pursuant to 15 U.S.C. §1640(a).

g) Declaration that Defendants do not have standing to collect this debt;

h) Cost of bringing this action

i) A trial by jury on all issues so triable; and

j) Such other and further relief as may be just and proper.

Pursuant to Title 28 USC 1746(1) and executed "without the United States," I affirm under penalty or perjury under the laws of the USA that the foregoing is true and correct to the best of my belief and informed knowledge".

Respectfully submitted,

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281
678-650-3733
rrfrank12@hotmail.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was sent via email/mail on May 21st 2020 to Defendant's Counsel listed below:

**AARON A. WAGNER**

**JOHN MICAHAEL KEARNS**

**1201 W. Peachtree St. 999 Peachtree Street, N.W.**

**Atlanta, Georgia 30309**

**COUNSEL FOR DEFENDANTS**

Plaintiff, *Pro-Se*

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281

This envelope is made from post-consumer waste. Please recycle - again.

PRESS FIRMLY TO SEAL

# PRIORITY MAIL 1-DAY®

EXPECTED DELIVERY DAY: 05/22/20

U.S. POSTAGE
PM 1-DAY
30281 0006
Date of sale
05/21/20
06 2S
$7.75
SSK
11486118
047600521091443

0006

SHIP TO:
75 TED TURNER DR
SW
ATLANTA GA 30303-3315

C039

USPS TRACKING® NUMBER

9505 5066 5191 0142 2490 91

- Date of d[elivery]
- USPS TRA[CKING]
- Limited int[ernational]
- Pick up av[ailable]
- Order sup[plies]
- When use[r]
  declaratio[n]
- *Domestic

schedule free
ackage Pickup,
in the QR code.

EP14F Oct 2018

PRESS FIRMLY TO SEAL

# PRIORITY MAIL

FROM:
Ricky Franklin
708 Brambling Way
Stockbridge, GA 30281



TO:
CLERK OF COURT
75 Ted Turner Dr. SW
Atlanta, GA 30303

CLEARED
MAY 26 2020
U.S. Marshals
Atlanta, GA

CLEARED
MAY ?? 20
U.S. Marsh[als]
Atlanta

VISIT US AT U[SPS.COM]
ORDER FREE SUPP[LIES ONLINE]

Label 228, March 2016
FOR DOMESTIC AND INTERNATIO[NAL USE]

PRIORITY MAIL
FLAT RATE
POSTAGE REQUIRED