IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RICKY R. FRANKLIN, | § § § | |
| Plaintiff, | § § | Civil Action File No.: |
| v. | § § § | 1:20-CV-01410-MLB-WEJ |
| CENLAR FSB d/b/a CENTRAL LOAN ADMINISTRATION AND REPORTING (CENLAR) and CARRINGTON MORTGAGE SERVICES, LLC, | § § § § § § § | |
| Defendants. | § | |

## **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Defendant Cenlar FSB ("Cenlar") hereby files its Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Amended Complaint (Doc. 13), and respectfully shows the Court as follows:

## **INTRODUCTION**

Plaintiff Ricky R. Franklin is a well-known serial litigator.[1] His Amended Complaint in this case, though, simply fails to state a claim against Cenlar. He fails to state a claim under the FDCPA because he does not adequately allege Cenlar is

---

[1] *See, e.g., Franklin v. Upland Software, Inc.,* 2019 WL 433650, 1-18-CV-00236-LY, *2 (W.D. Tex. Feb. 1, 2019) ("Franklin appears to be a serial litigator under the TCPA.").

a debt collector under that statute. His TCPA claim fails because he has not provided the necessary information under the statute for Cenlar to defend itself. Finally, his FCRA claim fails because he has not adequately alleged a violation under 1681s-2. Accordingly, Plaintiff's Amended Complaint should be dismissed.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On July 21, 2003, Plaintiff executed a Note as part of a mortgage loan transaction in favor of Home Star Mortgage Services, LLC ("Home Star"), in the amount of $145,377.00 (the "Note"). The Note was secured by a Security Deed (the "Security Deed") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for Home Star, whereby Plaintiff pledged the real property known as 708 Brambling Way, Stockbridge, Georgia 30281 (the "Property") as collateral for the subject mortgage loan. The Security Deed was recorded in the Henry County real estate records at Deed Book 6306, Page 99, on August 28, 2003. True and correct copies of the Note and Security Deed are attached hereto as **Exhibits A and B**.

Plaintiff alleges that on April 3, 2019, Cenlar sent him a letter directing him to start making payments on the mortgage loan to Cenlar. (Doc. 13, ¶ 11.) Plaintiff alleges that on April 22, 2019 he requested validation of the subject debt and that Cenlar acknowledged the letter on April 25, 2019. (Doc. 13, ¶¶ 12-13.) Plaintiff

further alleges that on May 14, 2019, Cenlar responded to the April 22 letter providing information about the origination and ownership of the loan. (Doc. 13, ¶ 14.) Plaintiff alleges that he sent Cenlar another letter about the validation of the debt on May 31, 2019. (Doc. 13, ¶ 15.)

Plaintiff then alleges he began receiving phone calls from Cenlar. (Doc. 13, ¶¶ 16-20, 23.) Plaintiff alleges, ambiguously, that he told Cenlar "not to add his cellphone number to his file," "it was okay to call," and he "did not want to receive automated calls to his cellphone." (Doc. 13, ¶¶ 17-18.) Plaintiff alleges that some months later he wrote Cenlar two letters asking it to "stop calling his cellphone." (Doc. 13, ¶¶ 21-22.) Plaintiff alleges that he received 62 calls and he continues to receive same. (Doc. 13, ¶ 23.)

The instant case was filed on March 30, 2020. (Doc. 1.) The parties agreed to extend the time for which Cenlar could respond to the Complaint. (Doc. 6, 7.) Plaintiff filed his Amended Complaint against Cenlar and Carrington Mortgage Services, LLC, on May 26, 2020. (Doc. 13.) The Court granted Cenlar's motion to extend the time for it to respond to the Amended Complaint through July 6, 2020. (Doc. 18, 19.) Now, Cenlar moves to dismiss the Amended Complaint because it fails to state any claim against Cenlar.

## ARGUMENT AND AUTHORITIES

### I.  Legal Standard Applicable to Motion to Dismiss.

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While the factual allegations need not be overly detailed, a plaintiff must provide the grounds of her entitlement to relief, which "requires more than labels and conclusions," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). A court may dismiss a complaint under Rule 12(b)(6) if it fails to assert a cognizable legal theory or if the facts asserted are insufficient to support relief under a cognizable legal theory. *Id.*; *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993); *Morrison v. Bank of Am., N.A.*, No. 1:13–cv–1052–WSD, 2013 WL 6587657, at *2 (N.D. Ga. Dec. 16, 2013).

**II.     Plaintiff fails to state any claim upon which relief can be granted.**

　　A.     Plaintiff does not state a claim under the FDCPA.

Plaintiff's FDCPA claim fails because he fails to allege any facts that would show that Cenlar is a debt collector as defined by the FDCPA. The FDCPA only applies to "debt collectors," which the statute defines as a business which has the principal purpose of collecting debts or which regularly collects the debts of another. 15 U.S.C. § 1692a(6).

In Count I of the Amended Complaint, Plaintiff makes a conclusory allegation that Cenlar is "a debt collector within the meaning of the FDCPA, 15 U.S.C. 1692(a)(6) as debt collection is part of its ordinary business practice and Defendant regularly collects the debts of others." (Doc. 13, ¶ 43.) This naked assertion is merely a recitation of the elements of a FDCPA claim and unsupported by any factual allegations whatsoever about Cenlar's business. Consequently, Plaintiff fails to allege sufficient facts to assert a claim against Cenlar under the FDCPA. *See Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1317 (11th Cir. 2015) (affirming dismissal of amended complaint for failure to plead sufficient factual content to allow reasonable inference that defendant was a "debt collector" under the FDCPA); *Smith v. IndyMac Fed. Bank, F.S.B.*, No. 1:10-cv-1348-TWT, 2010 WL 5490728, at *6 (N.D. Ga. Sept. 28, 2010) (holding that

plaintiffs failed to state an FDCPA claim because they failed to allege that MERS was a debt collector); *see also Iqbal*, 556 U.S. at 678 (holding that claims containing "'naked assertion[s]' devoid of 'further factual enhancement'" must fail). Accordingly, this claim fails and should be dismissed.

      B.     <u>Plaintiff does not state a claim under the TCPA.</u>

Count II of the Amended Complaint alleges that Cenlar used an automated dialing system, after he revoked consent, to contact Plaintiff over 62 times "by means of artificial pre-recorded voice messages to a cellphone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii)." (Doc. 13, ¶ 51.) Plaintiff's TCPA claim fails, though, because Plaintiff does not allege sufficient facts in support of his claim.

"To state a claim under the TCPA for calls made to a cellular phone, a plaintiff must allege that: (1) a call was made to a cell or wireless phone, (2) by the use of any automatic dialing system or an artificial or prerecorded voice, and (3) without prior express consent of the called party." *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1253 (M.D. Fla. 2012). In *Augustin*, the District Court granted Santander's motion to dismiss the plaintiff's TCPA claim when Plaintiff failed to provide the dates of the calls or any details including the numbers called or the numbers from which the calls were made. *Id.* at 1255.

6

Here Plaintiff has identified a few dates upon which he asserts he received automated calls, (Doc. 13, ¶¶ 18-20), but he has not provided the cell phone number to which the calls were allegedly made and also generally avers that he "continues to receive these same automated messages every time he answered his cellphone" and that he "has been called more than 62 (sixty-two) times on his cellphone." (Doc. 13, ¶ 23). This general allegation, without dates, details, or the number to which the alleged calls were placed, is impossible to investigate or fashion a response to. Indeed, a complaint without this information is subject to dismissal. *See Santander*, 43 F. Supp. 3d at 1254 (dismissing complaint for failure to plead sufficient factual allegations when plaintiff did not provide any dates, details, or identifying phone numbers of alleged calls and agreeing that "fair notice" has not been given because a defendant cannot check the files of the intended recipient of the calls, without this information). Moreover, Plaintiff admits that he consented to receive calls.

Indeed, Plaintiff states unequivocally that he repeatedly sent letters and made phone calls to Cenlar and advised that "it was okay to call, however, Plaintiff did not want to receive automated calls to his cellphone." (Doc. 13, ¶¶ 18, 21-22) Yet, Plaintiff's facts regarding his consent are conflated with specific calls he alleges were made and his general averment of "62 calls." Without details

7

regarding the number at which he allegedly received automated calls, and dates of any such calls, it is impossible for Cenlar to investigate or respond. Moreover, the lack of detail also frustrates Cenlar's ability to identify and present defenses to any potential claims, to include establishing that Plaintiff had consented to the calls and was prohibited from unilaterally revoking said consent

A defendant bears the burden of establishing prior consent. *Id.* (citing *Pollock v. Bay Area Credit Serv., LLC*, 2009 WL 2475167, *9–10 (S.D.Fla.2009)). However, a party to a contract cannot unilaterally revoke consent provided pursuant to a valid contract. *Medley v. Dish Network, LLC*, 958 F.3d 1063 (11th Cir. 2020) ("The Telephone Consumer Protection Act (TCPA) does not allow unilateral revocation by consumer of consent to receive calls on cell phone from automatic telephone dialing system or prerecorded voice which was given in a bargained-for contract.") In this case, the Amended Complaint is insufficient as it fails to allege details related to Plaintiff's consent, the dates and details of the calls, and relationship between the contractual documents, his consent, and the subsequent alleged attempts to revoke his consent. Accordingly, is it impossible for Cenlar to discern if Plaintiff's consent remains valid, not subject to unilateral revocation, and thus any alleged TCPA claim barred. Thus, Plaintiff's TCPA claims should be dismissed.

C.     Plaintiff does not state a claim under the FCRA.

Plaintiff alleges in Count III that Cenlar violated the FCRA. (Doc. 13, ¶¶ 53-54.) Plaintiff alleges further in the Amended Complaint that Plaintiff received his credit report from "the 3 major credit reporting agencies" and that the reports "reflect negative information concerning [the subject] debt that was never verified by" Cenlar. (Doc. 13, ¶ 30.) Plaintiff has not properly pleaded the elements of a claim under the FCRA and, therefore, his claim must be dismissed.

"The FCRA imposes two duties on furnishers of credit information." *Caselli v. PHH Mortg. Corp.*, Civil Action No. 1:11-cv-2418-RWS, 2012 WL 124027, * 7 (N.D. Ga. Jan. 13, 2012). The first duty is "to provide accurate information to credit reporting agencies." *Id.* (citing 15 U.S.C. § 1681s-2(a)). There is no private cause of action, however, for breach of this duty. *Id.*; *Brannigan v. Bank of Am. Corp.*, Civil Action No. 2:13-cv-00129-RWS, 2013 WL 6510787, * 7 (N.D. Ga. Dec. 12, 2013). The second duty is "to investigate and respond promptly to notice of a dispute regarding the completeness or accuracy of information provided to a credit reporting agency." *Caselli*, 2012 WL 124027, at * 7 (citations omitted). An individual can bring a private cause of action against a furnisher for breaching this provision, "**but only if** the furnisher received notice of the dispute through a credit reporting agency." *Id.* (citing *Green v. RBS Nat'l Bank*, 288 F. App'x 641, 642

(11th Cir. 2008)) (emphasis added); *see also Harden v. JP Morgan Chase Bank, N.A., et al.*, Civil Action No. 1:13-cv-03535-RWS, 2014 WL 836013, * 7 (N.D. Ga. Mar. 4, 2014).

Here, Plaintiff has not alleged that Cenlar received notice of a dispute from a consumer reporting agency. (Doc. 13.) Plaintiff appears to allege instead that he disputed his credit reporting with Cenlar directly. (Doc. 13, ¶ 12.) Nowhere does Plaintiff allege he disputed the allegedly negative information found on an undated credit report with the credit reporting agencies directly, or that any credit reporting agency in turn ever notified Cenlar of any alleged dispute. (Doc. 13.) Therefore, he has failed to sufficiently state a plausible claim under the FCRA, and the claim should be dismissed. *See, e.g., Tamanji v. Nationstar Mortg. LLC*, No. 4:14-CV-0222-HLM-WEJ, 2014 WL 12481345, at *3 (N.D. Ga. Nov. 24, 2014), report and recommendation adopted, No. 4:14-CV-222-HLM, 2014 WL 12513893 (N.D. Ga. Dec. 12, 2014) (dismissing FCRA claim for the failure to state a claim and concluding that "[w]ithout a plausible allegation that Nationstar received notice of the consumer's dispute from a CRA, plaintiff states no viable FCRA claim"); *Horton v. HSBC Bank*, No. 1:11-CV-3210-TWT, 2013 WL 2452273, at *6 (N.D. Ga. June 5, 2013) (dismissing FCRA claim for the failure to state a claim and commenting that "[t]o survive a motion to dismiss on a 15 U.S.C. § 1681s-2(b)

claim, the plaintiff must allege that the defendant received the proper notice from the consumer reporting agency pursuant to 15 U.S.C. § 1681i(a)(2) and that the defendant failed to uphold its duties pursuant 15 U.S.C. § 1681s-2(b).").

## CONCLUSION

For the foregoing reasons, Cenlar respectfully requests that the Court dismiss all of Plaintiff's claims.

Dated: July 6, 2020.

**POLSINELLI, PC**

*/s/ John Michael Kearns*
Aaron A. Wagner
Georgia Bar No. 867812
*Email: aawagner@polsinelli.com*
John Michael Kearns
Georgia Bar No. 142438
*Email: jkearns@polsinelli.com*
One Atlantic Center
1201 W. Peachtree St., NW, Ste. 1100
Atlanta, Georgia 30309
(404) 253-6000

*Attorneys for Cenlar FSB*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing brief has been prepared in compliance with Local Rules 5.1B and 5.1C, using 14-point Times New Roman font.

*/s/ John Michael Kearns*
John Michael Kearns
Georgia Bar No. 142438

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July, 2020, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system.  I further certify that I mailed the foregoing document by certified U.S. mail, return receipt requested, and first-class mail to the following:

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281

*/s/ John Michael Kearns*
John Michael Kearns
Georgia Bar No. 142438

*One of the Attorneys for Cenlar FSB*

73970215.5