IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICKY R. FRANKLIN, § § Plaintiff, § § v. § § CENLAR FSB d/b/a CENTRAL LOAN § ADMINISTRATION AND § REPORTING (CENLAR) and § CARRINGTON MORTGAGE § SERVICES, LLC, § § Defendants. § | Civil Action File No.: 1:20-CV-01410-MLB-WEJ |

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Defendant Cenlar FSB ("Cenlar") hereby files its Memorandum of Law in Opposition to Plaintiff's Motion for Leave to Amend (Doc. 25), and respectfully shows the Court as follows:

### INTRODUCTION

Plaintiff Ricky R. Franklin is a well-known serial litigator.[1] He filed his initial Complaint in this case on March 30, 2020 (Doc. 1), and he amended his Complaint once as a matter of right to add co-defendant Carrington Mortgage

---

[1] *See, e.g., Franklin v. Upland Software, Inc.,* 2019 WL 433650, 1-18-CV-00236-LY, *2 (W.D. Tex. Feb. 1, 2019) ("Franklin appears to be a serial litigator under the TCPA.").

74242233.5

Services, LLC and a claim against it. (Doc. 13). His Amended Complaint failed to state a claim against Cenlar, and Cenlar filed a Motion to Dismiss pursuant to Rule 12(b)(6). (Doc. 21.)

Rather than respond to the Motion to Dismiss, Plaintiff has filed his Motion for Leave to file his Second Amended Complaint. (Doc. 25.) He attached a putative Second Amended Complaint ("SAC") as an exhibit to his Motion for Leave. (Doc. 25-1.) He fails to state a claim under the FDCPA because he does not adequately allege Cenlar (1) is a debt collector under that statute and (2) engaged in an act or omission prohibited by the FDCPA Additionally, his FCRA claim fails because he has not adequately alleged a violation under 1681s-2. Accordingly, the Motion for Leave should be denied.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On July 21, 2003, Plaintiff executed a Note as part of a mortgage loan transaction in favor of Home Star Mortgage Services, LLC ("Home Star"), in the amount of $145,377.00 (the "Note"). The Note was secured by a Security Deed (the "Security Deed") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for Home Star, whereby Plaintiff pledged the real property known as 708 Brambling Way, Stockbridge, Georgia 30281 (the "Property") as collateral for the subject mortgage loan. The Security Deed was

74242233.5

recorded in the Henry County real estate records at Deed Book 6306, Page 99, on August 28, 2003. True and correct copies of the Note and Security Deed are attached hereto as **Exhibits A and B**.

Plaintiff alleges that on April 3, 2019, Cenlar sent him a letter directing him to start making payments on the mortgage loan to Cenlar. (Doc. 25-1, ¶ 11.) Plaintiff alleges that on April 22, 2019 he requested validation of the subject debt and that Cenlar acknowledged the letter on April 25, 2019. (Doc. 25-1, ¶¶ 12-13.) Plaintiff further alleges that on May 14, 2019, Cenlar responded to the April 22 letter providing information about the origination and ownership of the loan. (Doc. 25-1, ¶ 14.) Plaintiff alleges that he sent Cenlar another letter about the validation of the debt on May 31, 2019, advising Cenlar its validation "was insufficient." (Doc. 25-1, ¶ 15.)

Based on the foregoing allegations and those in the putative SAC, Plaintiff would fail to state a claim under the FDCPA or FCRA. Accordingly, the Motion for Leave should be denied on the grounds of futility.

## ARGUMENT AND AUTHORITIES

### I.  Legal Standard Applicable to Motions for Leave to Amend.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182, 83

3

S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), leave to amend "should be freely given," FED. R. CIV. P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile. *Foman*, 371 U.S. at 182, 83 S.Ct. at 230. The Eleventh Circuit "has found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir.1999) (citation omitted) *cited in Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004).

In accord with the foregoing, Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While the factual allegations need not be overly detailed, a plaintiff must provide the grounds of her entitlement to relief, which "requires more than labels and conclusions," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550

4

U.S. 544, 545 (2007). A court may dismiss a complaint under Rule 12(b)(6) if it fails to assert a cognizable legal theory or if the facts asserted are insufficient to support relief under a cognizable legal theory. *Id.*; *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993); *Morrison v. Bank of Am., N.A.*, No. 1:13–cv–1052–WSD, 2013 WL 6587657, at *2 (N.D. Ga. Dec. 16, 2013).

## II.     Plaintiff's FDCPA and FCRA claims are futile.

### A.     Plaintiff's FDCPA claim is futile.

To state a claim under the FDCPA, the complaint must allege that "(1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the statute; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Eke v. FirstBank Fla.*, 779 F. Supp. 2d 1354, 1357 (S.D. Fla. 2011) *cited in Helman v. Bank of Am.*, 685 F. App'x 723, 725–26 (11th Cir. 2017).

Plaintiff's FDCPA claim fails for two (2) reasons: (1) because he fails to allege any facts that would show that Cenlar is a debt collector as defined by the FDCPA; and (2) because he has not shown that Cenlar "has engaged in an act or omission prohibited by the FDCPA." First, the FDCPA only applies to "debt collectors," which the statute defines as a business which has the principal purpose

of collecting debts or which regularly collects the debts of another. 15 U.S.C. § 1692a(6). In the putative SAC, Plaintiff makes a conclusory allegation that Cenlar is "a debt collector within the meaning of the FDCPA, 15 U.S.C. 1692a(6) as debt collection is part of its ordinary business practice and [Cenlar] regularly collects the debts of others." (Doc. 25-1, ¶ 42.) Plaintiff adds that Cenlar acquired the subject debt while it was in default. (Doc. 25-1, ¶¶ 10, 42.)

These assertions, though, are merely recitations of the elements of an FDCPA claim and unsupported by any factual allegations whatsoever about Cenlar's business. Consequently, Plaintiff fails to allege sufficient facts to assert a claim against Cenlar under the FDCPA. *See Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1317 (11th Cir. 2015) (affirming dismissal of amended complaint for failure to plead sufficient factual content to allow reasonable inference that defendant was a "debt collector" under the FDCPA); *Smith v. IndyMac Fed. Bank, F.S.B.*, No. 1:10-cv-1348-TWT, 2010 WL 5490728, at *6 (N.D. Ga. Sept. 28, 2010) (holding that plaintiffs failed to state an FDCPA claim because they failed to allege that MERS was a debt collector); *see also Iqbal*, 556 U.S. at 678 (holding that claims containing "'naked assertion[s]' devoid of 'further factual enhancement'" must fail). Accordingly, any such claim is futile.

74242233.5

Additionally, Plaintiff has failed to plausibly allege that Cenlar "has engaged in an act or omission prohibited by the FDCPA." *Eke*, 779 F. Supp. 2d at 1357. Nothing in the Complaint, Amended Complaint, or putative SAC (which would be Plaintiff's third bite at the apple) alleges plausibly that Cenlar has engaged in any such behavior.

Plaintiff alleges that on April 3, 2019, Cenlar sent him a letter directing him to start making payments on the mortgage loan to Cenlar. (Doc. 25-1, ¶ 11.) Plaintiff alleges that on April 22, 2019 he requested validation of the subject debt and that Cenlar acknowledged the letter on April 25, 2019. (Doc. 25-1, ¶¶ 12-13.) Plaintiff further alleges that on May 14, 2019, Cenlar responded to the April 22 letter providing information about the origination and ownership of the loan. (Doc. 25-1, ¶ 14.) Plaintiff alleges that he sent Cenlar another letter about the validation of the debt on May 31, 2019, advising Cenlar its validation "was insufficient." (Doc. 25-1, ¶ 15.)

Plaintiff further alleges that because no assignment of the subject debt to Cenlar "exists in the county records" and MERS does not list Cenlar as a servicer of "this debt" Cenlar "does [sic] not have a right to collect this debt." (Doc. 25-1, ¶ 43.) Plaintiff alleges, too, that Cenlar is sending him "harassing letters" which are "inconvenient" but does not provide any facts about the content of these letters for

7

the Court to evaluate whether or not any such alleged communications were actually prohibited by the FDCPA. (Doc. 25-1, ¶ 44.) Plaintiff then writes a veritable laundry list of alleged bad acts by Cenlar vis-à-vis the FDCPA, but those allegations are in reality nothing more than a recitation of the language found in the statute and are void of any actual factual allegation of any actual act by Cenlar. (Doc. 25-1, ¶¶ 45-50.)

None of the allegations plausibly demonstrate that Cenlar "has engaged in an act or omission prohibited by the FDCPA." First, Plaintiff admits that Cenlar responded to his debt validation request in a timely manner. (Doc. 25-1, ¶¶ 11-14.) He fails to attach a copy of the letters he received from Cenlar, and he fails to allege enough factual content from any such letter to sufficiently allege an FDCPA violation plausible with respect to validation of the debt.

"Verification is intended to eliminate the problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has paid." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999) (citing S. Rep. No. 95-382, at 4 (1977)). "At a minimum, verification of the debt means that the debt collector must confirm in writing that the amount being demanded is what the creditor is claiming is owed." *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1173-74 (9th Cir. 2006) (debt collector properly validated debt by

obtaining information from creditor about the nature and balance of outstanding bill and providing debtor with itemized statements); *Chaudhry*, 174 F.3d at 406; *Rudek v. Frederick J. Hanna & Assoc.*, No. 1:09-CV-288, 2009 WL 385804, at * (E.D. Tenn. Feb. 17, 2009) (collector properly validated debt when it provided debtor with the name of the original creditor and advised debtor that the client verified the balance to be true, correct, and still owing); *Anderson v. Frederick J. Hanna & Assoc.*, 361 F. Supp. 2d 1379, 1383 (N.D. Ga. 2005). Even in his third bite at the apple, Plaintiff has failed to provide sufficient allegations under *Iqbal* to plead a plausible FDCPA claim.

Moreover, the FDCPA prohibits debt collectors from using "a false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e; *Saint Vil v. Perimeter Mortg. Funding Corp.*, 630 F. App'x 928, 930 (11th Cir. 2015). To determine whether a communication is "in connection with the collection of any debt," the Court must look to the language of the communication in question, particularly looking for statements that demand payment and discuss additional fees if payment is not tendered. *Farquharson v. Citibank, N.A.,* 664 F. App'x 793, 801 (11th Cir. 2016) (citing *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1302 (11th Cir. 2014)), cert. denied, 137 S. Ct. 2303 (2017). Not only does Plaintiff fail to include any of these communications as

exhibits to the putative SAC, he has chosen not to do so twice before: when he filed the Complaint (Doc. 1) and Amended Complaint (Doc. 13). The Court must then look at the allegations he has made in the putative SAC to see if any of the "language of the communication[s] in question, particularly looking for statements that demand payment and discuss additional fees if payment is not tendered." A review of the putative SAC demonstrates there is nothing plausibly alleged. For these reasons, too, the putative SAC is futile with regard to Plaintiff's FDCPA claim.

B.  Plaintiff's FCRA claim is futile.

Plaintiff alleges in Count III of the putative SAC that Cenlar violated the FCRA. (Doc. 13, ¶¶ 53-56.) Plaintiff alleges further in the putative SAC that Plaintiff received his credit report from "the 3 major credit reporting agencies" and that the reports "reflect negative information concerning [the subject] debt that was never verified by" Cenlar. (Doc. 25-1, ¶ 30.) Plaintiff further alleges that on June 5, 2019, he "disputed the inaccurate information reported [by Cenlar] with all three CRAs." (Doc. 25-1, ¶ 33.) Plaintiff has not properly pleaded the elements of a claim under the FCRA and, therefore, his claim is futile.

"The FCRA imposes two duties on furnishers of credit information." *Caselli v. PHH Mortg. Corp.*, Civil Action No. 1:11-cv-2418-RWS, 2012 WL 124027, * 7

(N.D. Ga. Jan. 13, 2012). The first duty is "to provide accurate information to credit reporting agencies." *Id.* (citing 15 U.S.C. § 1681s-2(a)). There is no private cause of action, however, for breach of this duty. *Id.*; *Brannigan v. Bank of Am. Corp.*, Civil Action No. 2:13-cv-00129-RWS, 2013 WL 6510787, * 7 (N.D. Ga. Dec. 12, 2013). The second duty is "to investigate and respond promptly to notice of a dispute regarding the completeness or accuracy of information provided to a credit reporting agency." *Caselli*, 2012 WL 124027, at * 7 (citations omitted). An individual can bring a private cause of action against a furnisher for breaching this provision, "**but only if** the furnisher received notice of the dispute through a credit reporting agency." *Id.* (citing *Green v. RBS Nat'l Bank*, 288 F. App'x 641, 642 (11th Cir. 2008)) (emphasis added); *see also Harden v. JP Morgan Chase Bank, N.A., et al.*, Civil Action No. 1:13-cv-03535-RWS, 2014 WL 836013, * 7 (N.D. Ga. Mar. 4, 2014).

      Here, Plaintiff has not alleged that Cenlar received notice of a dispute from a consumer reporting agency. (Doc. 25-1.) Nowhere does Plaintiff allege that any credit reporting agency ever notified Cenlar of any alleged dispute. (Doc. 25-1.) Therefore, he has failed to sufficiently state a plausible claim under the FCRA, and the claim should be dismissed. *See, e.g., Tamanji v. Nationstar Mortg. LLC*, No. 4:14-CV-0222-HLM-WEJ, 2014 WL 12481345, at *3 (N.D. Ga. Nov. 24, 2014),

74242233.5

report and recommendation adopted, No. 4:14-CV-222-HLM, 2014 WL 12513893 (N.D. Ga. Dec. 12, 2014) (dismissing FCRA claim for the failure to state a claim and concluding that "[w]ithout a plausible allegation that Nationstar received notice of the consumer's dispute from a CRA, plaintiff states no viable FCRA claim"); *Horton v. HSBC Bank*, No. 1:11-CV-3210-TWT, 2013 WL 2452273, at *6 (N.D. Ga. June 5, 2013) (dismissing FCRA claim for the failure to state a claim and commenting that "[t]o survive a motion to dismiss on a 15 U.S.C. § 1681s-2(b) claim, the plaintiff must allege that the defendant received the proper notice from the consumer reporting agency pursuant to 15 U.S.C. § 1681i(a)(2) and that the defendant failed to uphold its duties pursuant 15 U.S.C. § 1681s-2(b).").

## CONCLUSION

For the foregoing reasons, Cenlar respectfully requests that the Court deny Plaintiff's Motion for Leave to Amend with regard to his FDCPA and FCRA claims.

[*signature page follows*]

74242233.5

Dated:  July 30, 2020.

                      **POLSINELLI, PC**

                      */s/ John Michael Kearns*
Aaron A. Wagner
Georgia Bar No. 867812
*Email: aawagner@polsinelli.com*
John Michael Kearns
Georgia Bar No. 142438
*Email: jkearns@polsinelli.com*
One Atlantic Center
1201 W. Peachtree St., NW, Ste. 1100
Atlanta, Georgia 30309
(404) 253-6000

*Attorneys for Cenlar FSB*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing brief has been prepared in compliance with Local Rules 5.1B and 5.1C, using 14-point Times New Roman font.

/s/ *John Michael Kearns*
John Michael Kearns
Georgia Bar No. 142438

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July, 2020, I electronically filed the foregoing **MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO AMEND** with the Clerk of Court using the CM/ECF system which will automatically send notice of the filing to all attorneys of record. I further certify that I mailed the foregoing document by certified U.S. mail, return receipt requested, and first-class mail to the following:

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281

*/s/ John Michael Kearns*
John Michael Kearns
Georgia Bar No. 142438

*One of the Attorneys for Cenlar FSB*

14

74242233.5