THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 0 7 2020

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| RICKY R. FRANKLIN | § § § | Civil Action No: |
| Plaintiff, | § § | **1:20-CV-1410-MLB-WEJ** |
| V. | § § § | |
| CENLAR FSB d/b/a CENTRAL LOAN ADMINISTRATION AND REPORTING (CENLAR) and | § § § § § | |
| CARRINGTON MORTGAGE SERVICES, LLC | § § § § | |
| Defendants | § § | |

## PLAINTIFF'S REPLY TO DEFENDANT CENLAR'S OPPOSTION TO PLAINTIFFS MOTION FOR LEAVE TO AMEND (DKT 27)

This matter comes before the Court on an attempt by the Defendants to deny Plaintiff the opportunity to amend his complaint to cure all of the complained deficiencies alleged in the Defendant CENLAR'S motion to dismiss. Specifically, Plaintiff addressed actual violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692, *et seq*; and the Fair Credit Reporting Act (FCRA), 15 U.S.C. section 1681 et seq. The defendants' claims and the arguments contained in

their memorandum all rest upon misrepresentations and therefore Plaintiffs motion for leave to amend his second complaint should be granted.

## INTRODUCTION

As a threshold matter, Defendant Cenlar introduces documents outside of the Plaintiffs complaint. Exhibits introduced as A & B of Dkt 27 doesn't match Defendant Cenlar or Defendant Carrington, and therefore does not give either of the Defendants the right pursue collection of a debt. The exhibits do not include any assignment of a security deed or note to either of Defendant[s]. These exhibits list a non-owner to a debt that is not part of this lawsuit. It is well settled in Georgia law that no assignment equals no interest in a property and does not give any security interest whatsoever to the Defendants.

Defendants try to misinform the Court concerning Plaintiffs allegations by stating 1) Plaintiff has not alleged the Cenlar is a debt collector and 2) Cenlar has not engaged in an act or omission prohibited by the FDCPA. Defendants also state that Plaintiff has not alleged a violation of the FCRA. (Def Opp M Amend p2) The defendants' claims and the arguments contained in their memorandum all rest upon misrepresentations. These claims not only lack merit, but they are frivolous and lack substantial justification, and therefore the Plaintiffs motion amend should be granted.

## STATEMENT OF FACTS ASSUMED TO BE TRUE FOR PURPOSES OF THIS MOTION

It is elementary that, for purposes of this motion, the allegations of the Complaint are assumed to be true and they are construed in favor of Plaintiff. Plaintiff, will separately list below some of the facts which the Court must assume are true for purposes of this motion, and some of the mere conclusory statements made by the defendants' counsel which cannot be taken into consideration, but on which the defendants' motion relies. These "facts" which have been alleged by the defendants' counsel can only be considered in a motion for summary judgment, and, in such would have to be supported by an affidavit or other evidence:

1. The attached security deed and note doesn't match either Defendant in this case and does not give the Defendant[s] a right to pursue collect of a debt. Def Opp M Amend, Exhibit A&B

2. Defendant Cenlar is a debt collector within the meaning of the FDCPA U.S.C. §1692a(6) as debt collection is part of its ordinary business practice and Defendant regularly collects debts "owed or due or asserted to be owed or due another". Cenlar also assumed the debt while in default subject to 15 U.S.C. § 1692a(6)(F). Mot T. Amend p10, 42

3. Defendant never validated the debt in accordance with 15 U.S.C. § 1692g Mot T. Amend p47,15

3

4. Plaintiff disputed the entire debt and ordered Defendant Cenlar to "cease and desist" Mot T. Amend p15

5. Defendant continued to send harassing letters in violation of 15 U.S.C. § 1692c(c)...which make those communications are prohibited by the Act. Mot T. Amend p44

6. The Defendants violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. Mot T. Amend p46

When the complaint herein is judged on the basis of its allegations, including the consideration of any instruments referred to therein, it is clear that Plaintiffs motion for leave to amend his second complaint should be granted.

## STATEMENTS MADE BY DEFENDANTS' COUNSEL THAT CANNOT BE CONSIDERED IN THEIR MOTION

The Court must disregard the various assertions made by the defendants' attorneys in their purported statement of facts which do not reflect the allegations of the Complaint. The statements which the Court must disregard include, but are not limited to, the following:

1. Plaintiff does not allege Cenlar is a debt collector. Opp M Amend. p 2

2. Plaintiff has not allege Cenlar egaged in a act that violates the FDPCA. Opp M Amend. p 2

3. Plaintiff has not alleged a violation of the FCRA. Opp M Amend. p 2

4

4. Exhibits A & B does not reflect either Defendant and should be stricken. Opp M Amend. p3

The Defendants offer of some mere conclusory statements cannot be taken into consideration. These statements are a misrepresentation of the alleged facts in Plaintiffs complaint and Plaintiffs second amended complaint should be granted.

## STANDARD OF REVIEW

Under Rule 15, "leave [to amend pleadings] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In general, the decision as to whether to grant leave to amend is left to the district court's discretion. See *Brackin Tie, Lumber & Chip Co. v. McLarty Farms, Inc.*, 704 F.2d 585, 586 (11th Cir. 1983). But as the Eleventh Circuit has explained, this discretion is not unfettered:

> Rule 15(a) severely restricts the district court's freedom, directing that leave to amend shall be freely given when justice so requires. This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reasonexists to deny leave to amend, the discretion of the district court is not broad enough to permit denial. *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989) (emphasis added).

There is no "substantial reason" to deny plaintiffs leave to amend and indeed, an amendment is required in this case in order cure all complained of deficiencies alleged in the Defendant CENLAR'S motion to dismiss. The requested amendment will not result in prejudice to any party; will not cause a substantial delay in these proceedings as discovery has not begun.

5

Buried in the Defendants motion to deny Plaintiff leave to amend is a reiteration of its earlier motion to dismiss. Under Fed. R. Civ. P. 12(b)(6), this Court must accept plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. See *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir.2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting Fed. R. Civ. P. 8; *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

When evaluating a motion to dismiss under Rule 12(b)(6), the Court cannot consider matters outside of the pleadings, and must accept the allegations of the non-movant's pleadings as true, but "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*Id* at 570) However, "a well pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." (*Id* at 550) In sum, "[a] claim has facial plausibility when the

6

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949; see also *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295-96 (11th Cir.2007)

## ARGUMENT

### A. Neither Defendant Can Show They Have A Legal Right To Collect A Debt From The Plaintiff.

There is **no assignment** (emphasis added) of the debt to Defendant Cenlar. The record does not bear any evidence whatsoever that the Note or Security deed in Defendants Exhibit A or B was transferred to either of the Defendants. In Georgia, a security instrument takes effect only after being recorded by the clerk of superior court of the county in which the real property is located. *Durrence v. Northern Nat'l Bank,* 117 GA. 385, 386 (1903); O.C.G.A. § 48-6-62. The assignment of mortgage serves as proof of the transfer of the loan from one party to another.

It is also well settled Georgia law that transfers of deeds to secure a debt must be in writing. Subsection (a) of O.C.G.A. Section 44-14-64 provides as follows:

All transfers of deeds to secure debt shall be in writing; shall be signed by the grantee or, if the deed has been previously transferred, by the last transferee; and shall be witnessed as required for deeds. O.C.G.A. Section 44-14-64(a).

The Defendants allegedly assumed this debt from a non-party to this lawsuit and have not shown how they have a right to collect this debt. Under Article 3 of the uniform of commercial code ("UCC") only the holder of an instrument is

7

entitled to enforce the instrument. OCGA § 11-3-301 For this reason the Plaintiffs motion to amend the second complaint should be granted.

## B. Plaintiffs FDCPA Claim Is Valid

Plaintiff 2nd Amended Complaint alleges and shows a plethora of direct FDCPA violations by Defendant Cenlar. Among other things, Cenlar never validated the Plaintiffs debt and failed to cease collecting on the debt until it was verified under15 U.S.C. § 1692g. The 2nd Amended Complaint further alleges:

1. Defendant Cenlar continued to send harassing letters after receipt of the Plaintiff's letter to cease and desist. Such communications are prohibited by 15 U.S.C. § 1692c(c). Mot Amend p 44

2. Defendants' conduct violated 15 U.S.C. § 1692e (10) in that Defendants used false and deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Mot Amend p 45

3. Defendants conduct violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed with the credit reporting agencies. Mot Amend p46

4. Defendant Cenlar assumed this debt while it was in default and Defendant Cenlar was not collecting its own debt. This conduct is a violation of 15 U.S.C. § 1692a (6) as debt collection is part of its ordinary business practice. Mot Amend p 42

5. The Defendants' conduct violated 15 U.S.C. §1692f(6) by threatening to unlawfully repossess or disable the consumer's property. Mot Amend p 50

Defendant Cenlar is a debt collector subject to the "FDCPA", which is a strict liability remedial statute that must be liberally construed to protect consumers like Plaintiff. *Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995). As such, Plaintiff second amended complaint alleges enough facts that his motion for leave to amend should be granted.

### C. Plaintiffs FCRA Claim Is Valid

For its part, the Defendants motion makes the bizarre assumption that Plaintiff is able to dictate how a credit reporting agency ("CRAs") must do its job. *Stating on page 11 "but only if the furnisher received notice from a CRA"* Plaintiff disputed the entire debt with all three CRAs on June 5, 2019. Mot Amend p 33. Not only did Plaintiff dispute this debt with the CRAs, Plaintiff sent Defendant Cenlar letters disputing the debt and informing Cenlar they must report the debt disputed to the credit reporting agencies. The letter stated in part:

"I have disputed this debt. Therefore, until it is validated, your information concerning this debt is assumed to be inaccurate. Accordingly, if you have already reported this debt to any credit-reporting agency (CRA) or Credit Bureau (CB), then you must immediately inform them of my dispute with this debt. Reporting information that you know to be inaccurate or failing to report information correctly violates the Fair Credit Reporting Act § 1681s-2." (See attached letter, Exhibit A, p3)

Defendant Cenlar's actions are a blatant disregard to FCRA. The defendant did not follow the proper procedures under the FCRA and therefore are subject to the

9

Act.  As such, Plaintiff second amended complaint alleges enough facts that his motion for leave to amend should be granted.

## CONCLUSION

For all the reasons stated, Plaintiff respectfully submits that the Plaintiffs Motion for leave to amend his second complaint should be granted.


Respectfully submitted, August 6th 2020

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281
678-650-3733
rrfrank12@hotmail.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was sent via mail on August 6th, 2020 to Defendant's Counsel listed below:

**AARON A. WAGNER**

**JOHN MICAHAEL KEARNS**

1201 W. Peachtree St. Suite 1100

Atlanta, Georgia 30309

**COUNSEL FOR DEFENDANTS CENLAR**

**HOLLAND & KNIGHT LLP**

**GRANT SCHNELL**

1180 West Peachtree St, NW, Suite 1800

Atlanta, GA 30309

**COUNSEL FOR DEFENDANTS CARRINGTON**

Plaintiff, *Pro-Se*

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281

# EXHIBIT A

22 April 2019

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281

TO: CENLAR
Attn: Central Loan Administration & Reporting
PO Box 77404
Ewing, NJ 08628

**Subject: Dispute of Debt**

**Loan Number 4771028240**

Dear CENLAR ,

1. I Ricky Franklin dispute the debt. You must therefore obtain verification of the debt and furnish a copy of the same. I require validation of the debt, showing all charges, payments, and credits on the account.

2. I am asserting my rights under the federal and state Fair Debt Collection Practices Acts and the Fair Credit Reporting Act, including these rights:

• Because I have disputed this debt in writing within 30 days of receipt of your initial notice dated April 3rd, 2019, you must obtain verification of the debt or a copy of the judgment against me and mail these items to me at your expense.
Because I have disputed this debt in writing within 30 days of receipt of your initial notice, you must obtain verification of the debt or a copy of the judgment against me and mail these items to me at your expense.
• You cannot add interest or fees except those allowed by the original contract or state law.
• Any attempt to collect this debt without validating it violates the FDCPA.

3. I have disputed this debt. Therefore, until it is validated, your information concerning this debt is assumed to be inaccurate. Accordingly, if you have already reported this debt to any credit-reporting agency (CRA) or Credit Bureau (CB), then you must immediately inform them of my dispute with this debt. Reporting

information that you know to be inaccurate or failing to report information correctly violates the Fair Credit Reporting Act § 1681s-2. Should you pursue a judgment without validating this debt, I will inform the judge and request that the case be dismissed based on your failure to comply with the FDCPA.

4. Finally, if you do not own this debt, I demand that you immediately send a copy of this dispute letter to the original creditor so they are also aware that I dispute the debt.

5. Do not contact any other persons about the debt. You must direct all communications intended to reach me via **US mail only**.

Sincerely

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281

678-650-3733