# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

RICKY R. FRANKLIN,                              §
                                                §
        Plaintiff,                              §
                                                §
                                                §        Civil Action File No.:
v.                                              §        1:20-CV-01410-MLB-WEJ
                                                §
CENLAR FSB d/b/a CENTRAL LOAN                   §
ADMINISTRATION AND                              §
REPORTING (CENLAR) and                          §
CARRINGTON MORTGAGE                             §
SERVICES, LLC,                                  §
                                                §
        Defendants.                             §

## CENLAR'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION

Defendant Cenlar FSB ("Cenlar") hereby files its Response to Plaintiff's

Objections (Doc. 38) to the Magistrate's Report and Recommendation (Doc. 32),

respectfully showing the Court as follows:

The Magistrate has recommended to the Court that Plaintiff's FDCPA and

FCRA claims be dismissed. (Doc. 38.) Plaintiff objects to the Report and

Recommendation issued by Magistrate Judge Johnson for three (3) reasons:

because he thinks he adequately alleged Cenlar is a debt collector under the

FDCPA, because entities "that collect defaulted debt that is not being collected for

itself [sic] falls under the FDCPA," and because the "R&R misinterprets and misapplies procedures that govern the FCRA." (Doc. 38, p. 2.) As shown below, Plaintiff's objections are without merit and should be disregarded by the Court. Instead, the Report and Recommendation (Doc. 38) should be adopted in its entirety.

## I.    The Court should adopt the Magistrate's recommendation as to the FDCPA claim.

Plaintiff does not dispute that to state a claim under the FDCPA, the complaint must allege that "(1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the statute; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Eke v. FirstBank Fla.*, 779 F. Supp. 2d 1354, 1357 (S.D. Fla. 2011) *cited in Helman v. Bank of Am.*, 685 F. App'x 723, 725–26 (11th Cir. 2017); *see also LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010) (per curiam). The Magistrate's recommendation to dismiss the Plaintiff's FDCPA claim against Cenlar, as amended, is based exclusively on the second prong of the analysis: that Plaintiff has not adequately alleged that Cenlar is a debt collector as defined by the FDCPA. (Doc. 38, pp. 10-14.) At the root of the matter, Plaintiff simply fails to understand that he cannot rest his FDCPA claim on legal conclusions that Cenlar is a debt collector, and same is well-established in the

2

74754709.3

Eleventh Circuit. *See Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1199 (11th Cir. 2012) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

Plaintiff objects to the FDCPA portion of the Report and Recommendation for two (2) reasons: because he thinks he adequately alleged Cenlar is a debt collector under the FDCPA, because entities "that collect defaulted debt that is not being collected for itself [sic] falls under the FDCPA." (Doc. 38, p. 2.) But the Magistrate's well-reasoned Report precludes any such objection.

As the Magistrate explained, Plaintiff (even though having been given three bites at the apple) has failed to allege any facts in support of his conclusory allegation that Cenlar is a debt collector. (Doc. 32, p. 11.) Because Plaintiff only conclusorily alleges that Cenlar is a debt collector and recites the "statutory definition without offering any facts in support is insufficient to plausibly allege that [d]efendants meet the definition of debt collectors, such that the FDCPA applies to them." *Cyrus v. Wells Fargo Bank, N.A.*, No. 1:12-CV-1156-TWT-LTW, 2013 WL 869398, at *4 (N.D. Ga. Feb. 7, 2013), *R. & R. adopted*, 2013 WL 870075 (N.D. Ga. Mar. 7, 2013). *See also Correa v. BAC Home Loans Servicing LP*, No. 6-11-CV-1197-Orl-22DAB, 2012 WL 1176701, at *12 (M.D. Fla. Apr. 9,

74754709.3

2012) (because the plaintiff cited only the general definition of a "debt collector" and stated that defendants are debt collectors in a conclusory manner, the plaintiff failed to allege facts sufficient to state a claim for relief under the FDCPA). Without an adequate pleading of the second prong of the analysis, any FDCPA claim fails.

In his Objections, Plaintiff provided a list of "facts which the Court must assume are true . . . ." (Doc. 38, p. 3-4.) The only so-called "facts" that have any bearing on the Magistrate's Report are the first grouping: essentially that Cenlar is a debt collector within the meaning of the FDCPA "as debt collection is part of its ordinary business practice," Cenlar "regularly collects debts 'owed or due or asserted to be owed or due another, and "Cenlar also assumed the debt while in default . . . ." (Doc. 38 p. 3.) The rest of the so-called "facts" have nothing to do with whether Cenlar meets the second prong of the Eleventh Circuit's FDCPA applicability analysis as set forth in *Eke*. But, as shown above, none of these conclusory allegations lifts Plaintiff's Second Amended Complaint to the plausibility level required by *Iqbal*. *See, e.g., Cyrus*, 2013 WL 869398, at *4 ("Reciting the statutory definition [of debt collector] without offering any facts in support is insufficient to plausibly allege that Defendants meet the definition of debt collectors, such that the FDCPA applies to them. On this basis alone,

74754709.3

Plaintiffs' FDCPA claim should be dismissed."). Plaintiff has failed to allege any

facts establishing that a principal purpose of Cenlar's business is debt collection,

such that it is a debt collector within the purview of the FDCPA. For these reasons,

the Plaintiff's Objections must be overruled as to the recommended dismissal of

the FDCPA claim.[1]

## II.   The Court should adopt the Magistrate's recommendation as to the FCRA claim.

It is undisputed that the duty under the FCRA at issue in this case is the duty

"to investigate and respond promptly to notice of a dispute regarding the

completeness or accuracy of information provided to a credit reporting agency."

*Caselli v. PHH Mortg. Corp.*, No. 1:11-CV-2418-RWS, 2012 WL 124027, at *7

(N.D. Ga. Jan. 13, 2012). An individual can bring a private cause of action against

a furnisher for breaching this provision, "**but only if** the furnisher received notice

of the dispute through a credit reporting agency." *Id.* (citing *Green v. RBS Nat'l

Bank*, 288 F. App'x 641, 642 (11th Cir. 2008)) (emphasis added); *see also Harden*

---

[1] With regard to the conclusory allegation that "Cenlar . . . assumed the debt while in default," the Report makes it clear that such an allegation is insufficient to state an FDCPA claim. *See, e.g., Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1724 (2017) ("For while the statute surely excludes from the debt collector definition certain persons who acquire a debt before default, **it doesn't necessarily follow** that the definition must include anyone who regularly collects debts acquired after default. After all and again, under the definition at issue before [the Court] you have to attempt to collect debts owed another before you can ever qualify as a debt collector.") (emphasis supplied).

5

*v. JP Morgan Chase Bank, N.A., et al.*, Civil Action No. 1:13-cv-03535-RWS, 2014 WL 836013, * 7 (N.D. Ga. Mar. 4, 2014).

Here, Plaintiff did not allege in his Second Amended Complaint that Cenlar received notice of a dispute from a consumer reporting agency. (Doc. 25-1, 34.) Nowhere does Plaintiff allege that any credit reporting agency ever notified Cenlar of any alleged dispute. (Doc. 25-1, 34.) Therefore, Plaintiff failed to sufficiently state a plausible claim under the FCRA, and the claim should be dismissed as recommended by Magistrate Judge Johnson. *See, e.g., Tamanji v. Nationstar Mortg. LLC*, No. 4:14-CV-0222-HLM-WEJ, 2014 WL 12481345, at *3 (N.D. Ga. Nov. 24, 2014), report and recommendation adopted, No. 4:14-CV-222-HLM, 2014 WL 12513893 (N.D. Ga. Dec. 12, 2014) (dismissing FCRA claim for the failure to state a claim and concluding that "[w]ithout a plausible allegation that Nationstar received notice of the consumer's dispute from a CRA, plaintiff states no viable FCRA claim"); *Horton v. HSBC Bank*, No. 1:11-CV-3210-TWT, 2013 WL 2452273, at *6 (N.D. Ga. June 5, 2013) (dismissing FCRA claim for the failure to state a claim and commenting that "[t]o survive a motion to dismiss on a 15 U.S.C. § 1681s-2(b) claim, the plaintiff must allege that the defendant received the proper notice from the consumer reporting agency pursuant to 15 U.S.C. §

6

74754709.3

1681i(a)(2) and that the defendant failed to uphold its duties pursuant 15 U.S.C. §

1681s-2(b).").

> The Magistrate agreed with Cenlar's analysis:

> [P]laintiff failed to allege that any CRA contacted Cenlar regarding his dispute. Without a plausible allegation that Cenlar received notice of plaintiff's dispute from a CRA, the Second Amended Complaint fails to state a viable FCRA claim. *See Green,* 288 F. App'x at 642 ('The FCRA does provide a private right of action for a violation of § 1681s-2(b), but only if the furnisher received notice of the consumer's dispute from a [CRA].').

Besides exclaiming in his Objections that "This is inadequate law!," Plaintiff cites

no support of his position that he may state a FCRA claim against Cenlar even

without a plausible allegation that Cenlar received notice of plaintiff's dispute from

a CRA. This is black letter law in this Circuit. Any objection to the contrary is

dead on arrival. The Magistrate's recommendation of dismissal as to the FCRA

claim should be adopted by this Court.

*[signature page follows]*

Dated:  September 21, 2020.

**POLSINELLI, PC**

*/s/ John Michael Kearns*
Aaron A. Wagner
Georgia Bar No. 867812
*Email: aawagner@polsinelli.com*
John Michael Kearns
Georgia Bar No. 142438
*Email: jkearns@polsinelli.com*
One Atlantic Center
1201 W. Peachtree St., NW, Ste. 1100
Atlanta, Georgia 30309
(404) 253-6000

*Attorneys for Cenlar FSB*

74754709.3

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing brief has been prepared in compliance with Local Rules 5.1B and 5.1C, using 14-point Times New Roman font.

/s/ *John Michael Kearns*
John Michael Kearns
Georgia Bar No. 142438

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of September, 2020, I electronically filed the foregoing **CENLAR'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION** with the Clerk of Court using the CM/ECF system which will automatically send notice of the filing to all attorneys of record. I further certify that I mailed the foregoing document by certified U.S. mail, return receipt requested, and first-class mail to the following:

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281

/s/ *John Michael Kearns*
John Michael Kearns
Georgia Bar No. 142438

*One of the Attorneys for Cenlar FSB*

9

74754709.3