## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **RICKY R. FRANKLIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **v.** | ) | |
| | ) | **1:20-CV-1410-MLB-WEJ** |
| **CENLAR FSB d/b/a CENTRAL** | ) | |
| **LOAN ADMINISTRATION AND** | ) | |
| **REPORTING (CENLAR), and** | ) | |
| **CARRINGTON MORTGAGE,** | ) | |
| **SERVICES, LLC,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFENDANT CARRINGTON MORTGAGE SERVICES, LLC'S
MOTION TO DISMISS PLAINTIFF RICKY R. FRANKLIN'S SECOND
AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT**

Defendant Carrington Mortgage Services, LLC ("Carrington" or "Defendant"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves to dismiss Plaintiff Ricky R. Franklin's Second Amended Complaint, filed on August 26, 2020 (the "Complaint") (Doc. No. 34), in its entirety for failure to state a claim against Carrington. In support thereof, Carrington states as follows:

## PRELIMINARY STATEMENT

Plaintiff is a serial *pro se* litigator, *see, e.g., Franklin v. Upland Software, Inc.*, 1-18-CV-00236-LY, 2019 WL 433650, at *2 (W.D. Tex. Feb. 1, 2019) ("Franklin appears to be a serial litigator . . . ."), who appears to have sued Carrington for no reason other than Carrington's co-defendant, Cenlar FSB ("Cenlar"), recently transferred the servicing rights to Plaintiff's home loan to Carrington. Despite now having three opportunities to properly plead his purported claims, Plaintiff's Complaint still fails to plead any <u>facts</u> supporting his various legal conclusions and theories against Carrington. As this Court previously indicated, Plaintiff's claim against Carrington for violation of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), should be dismissed because it "suffers from the same deficit of facts [as those asserted against Cenlar] plausibly alleging it is a debt collector . . . ." (Doc. No. 32, p. 15 n.2). And Plaintiff's claim that Carrington violated the Truth in Lending Act, 15 U.S.C. § 1641 *et seq.* ("TILA"), fails from the start because Plaintiff alleges that Carrington is a loan servicer. *Compare* (Doc. No. 34 ("Second Am. Compl."), ¶ 35) ("On April 21st 2020 Plaintiff received a notice of transfer servicing rights from Defendant CEN to Defendant CAR"), *with Lucien v. Fed. Nat. Mortg. Ass'n*, 21 F. Supp. 3d 1379, 1382 (S.D. Fla. 2014) ("Courts applying TILA uniformly hold that there is no servicer liability under TILA.").

Because Plaintiff has now been afforded three opportunities to properly plead his Complaint, but has still failed to do so, the Court should dismiss Plaintiff's Complaint against Carrington with prejudice and without leave to amend.

## PLAINTIFF'S FACTUAL ALLEGATIONS

Despite this being Plaintiff's third iteration of his operative pleading in this case, there are still very few factual allegations specifically pertaining to Carrington. Plaintiff alleges that on April 21, 2020, he "received a notice of transfer servicing [sic] rights" from Cenlar to Carrington. (Second Am. Compl., ¶ 35). On May 5, 2020, Plaintiff alleges he received an initial letter from Carrington, informing him that his mortgage was sold to Carrington from Cenlar. (*Id.*, ¶ 36). Plaintiff further claims that on that same day he "requested a validation of the debt by sending a letter to [Carrington's] office in reference to FDCPA 15. U.S.C. 1692g." (*Id.*, ¶ 37). The letter further purported to inform Carrington that it was a "furnisher of information" and that Plaintiff's "debt was in dispute." (*Id.*). Plaintiff also sent two additional letters to Carrington on May 5, 2020, referencing certain federal statutes and the Uniform Commercial Code, and demanding that "all communications **must be done** by US mail only." (*Id.*) (emphasis in original).

As a result of his letters, Plaintiff alleges that Carrington "never validated the debt and therefore, should have ceased all attempts to collect the alleged debt until

the validation had been resolved under FDCPA 15 U.S.C. 1692g." (*Id.*, ¶ 38). However, "[s]hortly thereafter, Plaintiff began to receive a barrage of harassing letters from [Carrington], demanding full payment along with the forbearance portion agreed to with [Cenlar] of the alleged debt in question." (*Id.*, ¶ 39). Then, on May 18, 2020, Plaintiff received another letter from Carrington "stating a transfer of service had occurred" and allegedly containing language regarding debt collection. (*Id.* ¶ 39).[1] As a result of these letters and the "pandemic of **covid-19 a.k.a. coronavirus**," Plaintiff has suffered emotional damages, stress, and the loss of enjoyment of his life. (*Id.*, ¶ 39) (emphasis in original).

Plaintiff asserts two claims against Carrington: (1) violation of the FDCPA (Count I), and (2) violation of TILA (Count IV).

## LEGAL STANDARDS

In considering a motion to dismiss, the Court accepts the non-moving party's well-pled facts as true and construes the complaint in the light most favorable to that party. *United States v. Pemco Aeroplex, Inc.*, 195 F.3d 1234, 1236 (11th Cir. 1999) (en banc). To survive a motion to dismiss, the complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929

---

[1] Paragraph 39 appears three times in Plaintiff's Complaint.

(2007). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The issue to be decided is not whether the plaintiff will ultimately prevail, but "whether the [plaintiff] is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) (citations omitted), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183, 104 S. Ct. 3012, 82 L. Ed. 2d 139 (1984)).

In addition, "Rule 8 requires that federal courts give pleadings a liberal reading in the face of a 12(b)(6) motion to dismiss. This admonition is particularly true when the parties are proceeding *pro se*. Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). However, this leniency does not permit a court to serve as *de facto* counsel to an unrepresented party or to rewrite an otherwise deficient pleading. *Id.*

## ARGUMENT

### I.     Plaintiff's FDCPA Claim in Count I Fails to State A Claim For Relief Against Carrington

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). To state a claim under the FDCPA, a party

must allege that "(1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the statute; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Eke v. FirstBank Fla.*, 779 F. Supp. 2d 1354, 1357 (S.D. Fla. 2011). However, "the FDCPA does not apply to all creditors; it applies only to professional debt-collectors." *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 n.3 (11th Cir. 2014). Accordingly, the FDCPA specifically exempts "any person collecting or attempting to collect any debt . . . to the extent such activity . . . concerns a debt which was originated by such person [or] which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F).

Plaintiff fails to state a claim against Carrington for violation of the FDCPA because he does not allege any facts to support his conclusory assertions that Carrington is a debt collector. *See* (Second Am. Compl., ¶ 10) (alleging Cenlar and Carrington "are debt collectors within the meaning of the FDCPA," that "debt collection is part of [their] ordinary business practice," and that they "regularly collect[] debts 'owed or due asserted to be owed or due another.'"). This Court has repeatedly found that merely "[r]eciting the statutory definition without offering any facts in support is insufficient to plausibly allege that [d]efendants meet the definition of debt collectors, such that the FDCPA applies to them." *Cyrus v. Wells*

*Fargo Bank, N.A.*, No. 1:12-CV-1156-TWT-LTW, 2013 WL 869398, at *4 (N.D. Ga. Feb. 7, 2013), *R. & R. adopted*, 2013 WL 870075 (N.D. Ga. Mar. 7, 2013); *see also Mills v. JP Morgan Chase Bank, No.*, 1:11-CV-3709-JEC-LTW, 2012 WL 4086508, at *9 (N.D. Ga. July 23, 2012) (dismissing FDCPA claim because "[p]laintiffs fail to allege any specific facts indicating that [the defendant] regularly attempts to collect debts, that the principal purpose of its business is the collection of debts, or that the principal purpose of its business is the enforcement of security interests"), *R. & R. adopted*, 2012 WL 4075634 (N.D. Ga. Aug. 14, 2012); *Correa v. BAC Home Loans Servicing LP*, No. 6-11-CV-1197-Orl-22DAB, 2012 WL 1176701, at *12 (M.D. Fla. Apr. 9, 2012) (same). Indeed, the Supreme Court has stressed that the Federal Rules of Civil Procedure do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions . . . ." *Iqbal*, 556 U.S. at 678-79; *see also id.* at 678 (stating that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (citing *Twombly*, 550 U.S. at 555)).[2]

---

[2] Nor does it make any difference that any of the letters purportedly sent to Plaintiff reference debt collection activities. Even when an entity refers to itself as a debt collector and references the FDCPA in its correspondence, the Eleventh Circuit has rejected the notion that such references establish that the entity is a debt collector: "[a]n entity cannot transform itself into a debt collector within the meaning of the FDCPA simply by noting in a letter that it may be considered one under the

Moreover, the only plausible inference that can be drawn from Plaintiff's limited factual allegations in the Complaint is that Carrington sent Plaintiff routine statements of account concerning his mortgage after Cenlar transferred the loan servicing rights to Carrington. "Statements of account <u>are not debt collection activity</u>; rather, they are normal incidents of loan servicing." *Bohringer v. Bayview Loan Servicing, LLC*, 141 F. Supp. 3d 1229, 1242 (S.D. Fla. 2015) (emphasis added) (citations omitted) (finding that a letter did not constitute debt collection activity, despite a statement of the "amount of the debt currently owed" and that it was "due for April 1, 2014"); *see also Antoine v. Carrington Mortg. Servs., LLC*, No. 17-cv-61216, 2017 WL 3404389, at *2 (S.D. Fla. Aug. 8, 2017) (finding plaintiff failed to state a claim under the FDCPA because monthly statements sent pursuant to federal law did not constitute debt collection); *Marshall v. Deutsche Bank Nat'l Trust Co.*, No. 4:10CV00754-BRW, 2011 WL 345988, at *3 (E.D. Ark. Feb. 1, 2011) (finding "loan statements [that] merely provided information to Plaintiff about her mortgage such as payment due dates and amounts owed" were not communications in connection with debt collection), *aff'd* 445 F. App'x 900 (8th Cir. 2011); *Goodin v. Bank of Am., N.A.*, 114 F. Supp. 3d 1197, 1206, (M.D. Fla. June 23, 2015) ("A

---

Act." *Fenello v. Bank of Am.*, NA, 577 F. App'x 899, 902 (11th Cir. 2014) (per curiam).

regular bank statement sent only for informational purposes is also not an action in connection with the collection of a debt.") (citations omitted). The only plausible conclusion to be drawn from Plaintiff's allegations is that Carrington was servicing Plaintiff's home mortgage, which servicing obviously includes that Carrington will send routine periodic statements to Plaintiff regarding his loan.

In short, Plaintiff has failed to allege any facts establishing that a principal purpose of Carrington's business is debt collection, such that it is a debt collector within the purview of the FDCPA. Accordingly, Plaintiff's FDCPA claim against Carrington in Count I fails as a matter of law and should be dismissed with prejudice.

## II. Plaintiff's TILA Claim In Count IV Fails to State A Claim Because There Is No Servicer Liability Under TILA

Plaintiff's TILA claim fails from the start because Carrington is alleged to be a loan servicer. *See* (Doc. No. 34 ("Second Am. Compl."), ¶ 35) ("On April 21st 2020 Plaintiff received a notice of transfer servicing rights from Defendant CEN to Defendant CAR"). The law is clear that "[c]ourts applying TILA uniformly hold that there is no servicer liability under TILA." *Lucien v. Fed. Nat. Mortg. Ass'n*, 21 F. Supp. 3d 1379, 1382 (S.D. Fla. 2014). In other words, "[t]he text of TILA's civil damages provision only provides for creditor liability—not servicer liability." *Id.* (citing 15 U.S.C. § 1640(a)); *Hayes v. U.S. Bank Nat. Ass'n*, Civ. Action No. 13-80610, 2014 WL 2938534, at *3 (S.D. Fla. June 30, 2014), *aff'd*, 648 F. App'x 883,

885 (11th Cir. Apr. 21, 2016) (affirming dismissal of TILA claim where district court found "TILA did not impose liability on servicers, and [the plaintiffs] alleged that JP Morgan was a servicer."); *see also Khan v. Bank of N.Y. Mellon*, 849 F. Supp. 2d 1377, 1379 (S.D. Fla. 2012) ("TILA, however, does not impose liability on servicers, but rather provides a private cause of action against creditors . . . ."); *Payne v. Seterus Inc.*, No. 16-cv-0203, 2016 WL 4521659, at *7 (W.D. La. Aug. 8, 2016) ("[C]ourts uniformly have held that there is no servicer liability under TILA."); *Barnes v. Carrington Mortg. Servs., LLC*, No. 15-cv-6465, 2016 WL 3018693, at *1 (D.N.J. May 24, 2016) (holding TILA does not create a private right of action against loan servicers, only creditors); *Gilllings v. Nationstar Mortgage, LLC*, Case No. 1:15-CV-01074-CC-LTW, 2016 WL 4411516, at *6 (N.D. Ga. Jan. 25, 2016) ("Therefore, Plaintiff's TILA claim against Defendant as a mere servicer of her loans fails to state a claim for relief."), *R. & R. adopted at* 2016 WL 4411517 (N.D. Ga. Mar. 23, 2016) (Cooper, J.).

Accordingly, because TILA does not impose a duty on loan servicers, only creditors as they are defined by TILA, Plaintiff's Count IV fails to state a claim against Carrington and should be dismissed with prejudice.

## **CONCLUSION**

WHEREFORE, Defendant Carrington Mortgage Services, LLC, by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves to dismiss Plaintiff Ricky R. Franklin's Second Amended Complaint, filed on August 26, 2020 (Doc. No. 34), in its entirety for failure to state a claim against Carrington, with prejudice and without leave to amend, and for any further relief the Court deems just and proper.

Respectfully submitted this 23rd day of September, 2020.

**HOLLAND & KNIGHT LLP**

*/s/ Grant Edward Lavelle Schnell*
Grant Edward Lavelle Schnell
Georgia Bar No. 106794
Regions Plaza, Suite 1800
1180 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 817-8500
Fax:  (404) 881-0470
E-Mail: grant.schnell@hklaw.com

*Counsel for Defendant*
*Carrington Mortgage Services, LLC*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing document was prepared using Times New Roman font, 14-point type, which is one of the font and print selections approved by the Court in L.R. 5.1(B).

This 23rd day of September 2020.

**HOLLAND & KNIGHT LLP**

*/s/ Grant Edward Lavelle Schnell*
Grant Edward Lavelle Schnell
Georgia Bar No. 106794

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically submitted the foregoing **DEFENDANT CARRINGTON MORTGAGE SERVICES, LLC'S MOTION TO DISMISS PLAINTIFF RICKY R. FRANKLIN'S SECOND AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF system participants, and mailed a paper copy of same by United States Postal Service, first-class, postage prepaid, to parties and counsel of record who are non-CM/ECF participants, properly addressed upon:

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281

*Via U.S. Mail Only*

Respectfully submitted this 23rd day of September, 2020.

**HOLLAND & KNIGHT LLP**

*/s/ Grant Edward Lavelle Schnell*
Grant Edward Lavelle Schnell
Georgia Bar No. 106794