# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| RICKY R. FRANKLIN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action File No.: 1:20-CV-01410-MLB-WEJ |
| | § | |
| CENLAR FSB d/b/a CENTRAL LOAN ADMINISTRATION AND REPORTING (CENLAR) and CARRINGTON MORTGAGE SERVICES, LLC, | § § § § § § | |
| Defendants. | § | |

## DEFNDANT CENLAR FSB'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW Defendant Cenlar FSB ("Cenlar"), by and through the undersigned counsel, hereby submits its Answer to Plaintiff's Second Amended Complaint ("SAC") as follows:

## INTRODUCTION

The allegations in this paragraph of the SAC constitute legal conclusions and therefore no response to the allegations is required. To the extent a response is deemed required, Cenlar denies these allegations.

## NATURE OF THIS ACTION

1.    The allegations in this paragraph of the SAC constitute legal conclusions and therefore no response to the allegations is required. To the extent a response is deemed required, Cenlar denies these allegations.

2.    The allegations in this paragraph of the SAC constitute legal conclusions and therefore no response to the allegations is required. To the extent a response is deemed required, Cenlar denies these allegations.

3.    The allegations in this paragraph of the SAC constitute legal conclusions and therefore no response to the allegations is required. To the extent a response is deemed required, Cenlar denies these allegations.

## JURISDICTION & VENUE

4.    The allegations in this paragraph of the SAC constitute legal conclusions and therefore no response to the allegations is required. To the extent a response is deemed required, Cenlar denies these allegations.

5.    Admitted.

## PARTIES

6.    Cenlar is without sufficient knowledge or information to admit or deny the allegations in this paragraph of the SAC.

7.    Denied.

75759081.8

8.      Cenlar is without sufficient knowledge or information to admit or deny the allegations in this paragraph of the SAC.

9.      Cenlar denies the allegations in the first sentence of this paragraph of the SAC as pleaded. Cenlar is without sufficient knowledge or information to admit to deny the allegations in the second sentence in this paragraph of the SAC.

10.      Cenlar need not respond to the allegations as to Cenlar in this paragraph of the SAC because Plaintiff's FDCPA claim has been dismissed. (Doc. 51.) As for the allegations in this paragraph of the SAC that do not pertain to Cenlar, Cenlar is not obligated to respond to those allegations.

## ALLEGATIONS OF FACT FOR DEFENDANT CENLAR (CEN)

11.      Cenlar need not respond to the allegations in this paragraph of the SAC because Plaintiff's FDCPA claim has been dismissed. (Doc. 51.) To the extent any response is required, Cenlar denies the allegations in this paragraph of the SAC.

12.      Cenlar need not respond to the allegations in this paragraph of the SAC because Plaintiff's FDCPA claim has been dismissed. (Doc. 51.) To the extent any response is required, Cenlar denies the allegations in this paragraph of the SAC

75759081.8

13.     Cenlar need not respond to the allegations in this paragraph of the SAC because Plaintiff's FDCPA claim has been dismissed. (Doc. 51.) To the extent any response is required, Cenlar denies the allegations in this paragraph of the SAC

14.     Cenlar need not respond to the allegations in this paragraph of the SAC because Plaintiff's FDCPA claim has been dismissed. (Doc. 51.) To the extent any response is required, Cenlar denies the allegations in this paragraph of the SAC

15.     Cenlar need not respond to the allegations in this paragraph of the SAC because Plaintiff's FDCPA claim has been dismissed. (Doc. 51.) To the extent any response is required, Cenlar denies the allegations in this paragraph of the SAC

16.     Due to the vagueness of Plaintiff's allegation, Cenlar is without sufficient information to admit or deny the allegations in this paragraph of the SAC.

17.     Cenlar admits that it had at least one (1) phone call with Plaintiff on October 24, 2019. Cenlar denies the remaining allegations in this paragraph of the SAC.

18.     Denied.

75759081.8

19.     Cenlar admits only that a phone call was placed to Plaintiff on December 3, 2019.

20.     Cenlar admits only that a phone call was placed to Plaintiff on December 4, 2019.

21.     Cenlar admits only that Plaintiff appears to have sent a letter to Cenlar dated December 5, 2019, and the letter speaks for itself. Cenlar denies any allegations in this paragraph of the SAC inconsistent with the foregoing.

22.     Denied.

23.     Cenlar denies that Plaintiff "continued to receive these same automated messages every time he answered his cellphone" and denies that it made 62 calls on the dates specified in this paragraph of the SAC. Cenlar demands strict proof thereof.

24.      Denied.

25.     This paragraph of the SAC requires Cenlar to draw a legal conclusion and therefore no response is required. If a response is deemed required, Cenlar denies the allegations in this paragraph of the SAC.

26.     Denied.

27.     Cenlar admits only that Plaintiff was placed into forbearance. Cenlar denies as pleaded the remaining allegations in this paragraph of the SAC.

75759081.8

28.     Cenlar admits only that Plaintiff was placed into forbearance. Cenlar denies as pleaded the remaining allegations in this paragraph of the SAC.

29.     Cenlar admits only that servicing of the loan was transferred to Carrington Mortgage Services, LLC on May 4, 2020, and Plaintiff was informed of the service transfer via letter dated April 13, 2020.

30.     Cenlar is without sufficient knowledge or information to admit or deny the allegations in this paragraph of the SAC. Further, Cenlar need not respond to the allegations in this paragraph of the SAC because Plaintiff's FCRA claim has been dismissed. (Doc. 51.)

31.     This paragraph of the SAC requires Cenlar to draw a legal conclusion and therefore no response is required. Further, Cenlar need not respond to the allegations in this paragraph of the SAC because Plaintiff's FCRA claim has been dismissed. (Doc. 51.)

32.     This paragraph of the SAC requires Cenlar to draw a legal conclusion and therefore no response is required. Further, Cenlar need not respond to the allegations in this paragraph of the SAC because Plaintiff's FCRA claim has been dismissed. (Doc. 51.)

75759081.8

33.    Denied. Further, Cenlar need not respond to the allegations in this paragraph of the SAC because Plaintiff's FCRA claim has been dismissed. (Doc. 51.)

34.    This paragraph of the SAC requires Cenlar to draw a legal conclusion and therefore no response is required. Further, Cenlar need not respond to the allegations in this paragraph of the SAC because Plaintiff's FCRA claim has been dismissed. (Doc. 51.)

## ALLEGATIONS OF FACT FOR DEFENDANT CARRINGTON MORTGAGE SERVICES LLC (CAR)

35.    Because the allegations in this paragraph of the SAC do not pertain to Cenlar, Cenlar is not obligated to respond to said allegations.

36.    Because the allegations in this paragraph of the SAC do not pertain to Cenlar, Cenlar is not obligated to respond to said allegations.

37.    Because the allegations in this paragraph of the SAC do not pertain to Cenlar, Cenlar is not obligated to respond to said allegations.

38.    Because the allegations in this paragraph of the SAC do not pertain to Cenlar, Cenlar is not obligated to respond to said allegations.

39.    Because the allegations in this paragraph of the SAC do not pertain to Cenlar, Cenlar is not obligated to respond to said allegations.

75759081.8

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, ET SEQ

40. Cenlar incorporates its responses to ¶¶ 1-39 of the SAC as if fully set forth herein.

41. Cenlar need not respond to the allegations in this paragraph of the SAC because Plaintiff's FDCPA claim has been dismissed. (Doc. 51.)

42. Cenlar need not respond to the allegations in this paragraph of the SAC because Plaintiff's FDCPA claim has been dismissed. (Doc. 51.)

43. Cenlar need not respond to the allegations in this paragraph of the SAC because Plaintiff's FDCPA claim has been dismissed. (Doc. 51.)

44. Cenlar need not respond to the allegations in this paragraph of the SAC because Plaintiff's FDCPA claim has been dismissed. (Doc. 51.)

45. Cenlar need not respond to the allegations in this paragraph of the SAC because Plaintiff's FDCPA claim has been dismissed. (Doc. 51.)

46. Cenlar need not respond to the allegations in this paragraph of the SAC because Plaintiff's FDCPA claim has been dismissed. (Doc. 51.)

47. Cenlar need not respond to the allegations in this paragraph of the SAC because Plaintiff's FDCPA claim has been dismissed. (Doc. 51.)

48. Cenlar need not respond to the allegations in this paragraph of the SAC because Plaintiff's FDCPA claim has been dismissed. (Doc. 51.)

75759081.8

49.   Cenlar need not respond to the allegations in this paragraph of the SAC because Plaintiff's FDCPA claim has been dismissed. (Doc. 51.)

50.   Cenlar need not respond to the allegations in this paragraph of the SAC because Plaintiff's FDCPA claim has been dismissed. (Doc. 51.)

## COUNT II
## VILATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227, et seq DEFENDANT CENLAR

51.   Cenlar incorporates its responses to ¶¶ 1-50 of the SAC as if fully set forth herein.

52.   Denied.

## COUNT III
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT SECTION 1681s-2(b) DEFENDANT CENLAR

53.   Cenlar incorporates its responses to ¶¶ 1-52 of the SAC as if fully set forth herein.

54.   Cenlar need not respond to the allegations in this paragraph of the SAC because Plaintiff's FCRA claim has been dismissed. (Doc. 51.)

55.   Cenlar need not respond to the allegations in this paragraph of the SAC because Plaintiff's FCRA claim has been dismissed. (Doc. 51.)

56.   Cenlar need not respond to the allegations in this paragraph of the SAC because Plaintiff's FCRA claim has been dismissed. (Doc. 51.)

75759081.8

## COUNT IV
## VIOLATIONS OF TRUTH IN LENDING ACT (TILA), 15 U.S.C. § 1641
## BY DEFENDANT CARRINGTON MORTGAGE SERVICES, LLC

57.     Cenlar incorporates its responses to ¶¶ 1-56 of the SAC as if fully set forth herein.

58.     Because the allegations in this paragraph of the SAC do not pertain to Cenlar, Cenlar is not obligated to respond to said allegations.

In response to Plaintiff's PRAYER FOR RELIEF paragraph and subparts (a) – (j), directly after ¶ 58 of the Second Amended Complaint, Cenlar denies that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

1.     The SAC does not state a claim against Cenlar upon which relief can be granted.

2.     Plaintiff's TCPA claim fails because calls at issue were made with the consent of the Plaintiff.

3.     Plaintiff's TCPA claim fails because consent to call Plaintiff's cell phone was not properly revoked.

4.     Plaintiff's TCPA claim fails because calls at issue were manually dialed calls not regulated by the TCPA.

75759081.8

5.     Plaintiff's TCPA claim is, at best, inflated because all of the calls pleaded were not placed by Cenlar via an automatic telephone dialing system.

6.     Plaintiff's claims are barred because Plaintiff failed to provide notice and opportunity to cure.

7.     Plaintiff's claims are barred because Plaintiff failed to satisfy a condition precedent before filing suit.

8.     Cenlar invokes the affirmative defense of waiver.

9.     Cenlar invokes the affirmative defense of estoppel.

10.    Cenlar pleads acquiescence and ratification as defenses.

Cenlar reserves the right to amend and add affirmative defenses as discovery progresses and defenses are identified or clarified.

Respectfully submitted this 21st day of December, 2020.

**POLSINELLI, PC**

*/s/ John Michael Kearns*
Aaron A. Wagner
Georgia Bar No. 867812
*Email: aawagner@polsinelli.com*
John Michael Kearns
Georgia Bar No. 142438
*Email: jkearns@polsinelli.com*
One Atlantic Center
1201 W. Peachtree St., NW, Ste. 1100
Atlanta, Georgia 30309
(404) 253-6000
*Attorneys for Cenlar FSB*

75759081.8

# CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December, 2020, I electronically filed the foregoing **DEFENDANT CENLAR FSB'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send notice of the filing to all attorneys of record. I further certify that I mailed the foregoing document by certified U.S. mail, return receipt requested, and first-class mail to the following:

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281

/s/ *John Michael Kearns*
John Michael Kearns
Georgia Bar No. 142438

*One of the Attorneys for Cenlar FSB*

75759081.8