IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICKY R. FRANKLIN, § § Plaintiff, § § v. § § CENLAR FSB d/b/a CENTRAL LOAN § ADMINISTRATION AND § REPORTING (CENLAR), § § Defendant. § § | Civil Action File No.: 1:20-CV-01410-MLB-WEJ |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.    Description of Case:**

   **(a)    Describe briefly the nature of this action.**

Plaintiff Ricky Franklin ("Plaintiff" or "Franklin") brings this action against Cenlar FSB d/b/a Central Loan Administration Reporting ("Defendant" or "Cenlar") for an alleged violation of the TCPA. Plaintiff's claims under the FDCPA and the FCRA have been dismissed by the Court on Cenlar's Motions to Dismiss. Moreover, Carrington Mortgage Services, Inc., is no longer a defendant in this action having been dismissed by the Court in light of its own 12(b)(6) motion.

   **(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff contends: Plaintiff alleges that Defendant CENLAR used an automated dialing system, after Plaintiff revoked consent. Plaintiff further

1

alleges that Defendant CENLAR contacted the Plaintiff over 62(sixty-two) times by means of artificial pre-recorded voice messages to a cellphone or pager in violation of 47 U.S.C. 227(b)(1)(A)(iii).

Defendant contends: Defendant denies calling Plaintiff over 62 times as alleged in his TCPA claim. Defendant contends that Plaintiff did not clearly revoke consent and instead, as a professional, serial TCPA abuser, attempted to entrap Cenlar by providing consent and then purportedly limiting, modifying, or revoking it by a series of confusing and conflicting letters and phone calls. Defendant incorporates herein its defenses listed in its Answer, Doc. 53, filed on December 21, 2020.

**(c)  The legal issues to be tried are as follows:**

Plaintiff contends:

> (1)   Whether Defendant Cenlar made unauthorized calls to Plaintiff's cellular telephone in violation of the TCPA.
>
> (2)   If so, whether Plaintiff is entitled to recover damages from Cenlar in connection with Plaintiff's TCPA claim.

Defendant contends:

> (1)   Whether and how often Defendant Cenlar made unauthorized calls to Plaintiff's cellular telephone in violation of the TCPA.
>
> (2)   If so, whether Plaintiff is entitled to recover damages from Cenlar in connection with Plaintiff's TCPA claim, or, instead, whether Cenlar has defenses to some or all of the alleged calls.

**(d)  The cases listed below (include both style and action number) are:**

> (1)   Pending Related Cases:
>
> > Plaintiff contends: Plaintiff vehemently objects to Defendant's inclusion of the cases listed below because they are not related to the instant case.
> >
> > Defendant contends: Plaintiff is a professional, serial abuser of the TCPA and has many currently pending TCPA cases in

federal court. A PACER search made on July 14, 2021, reveals the following pending TCPA cases which Defendant contends are related to the instant litigation:

    a) *Franklin v. D&K Suit City, LLC*, ND/GA, 1:21-cv-02608, filed June 21, 2021;
    b) *Franklin v. Hollis Cobb Associates Inc.,* ND/GA, 1:21-cv-02075, filed May 14, 2021;
    c) *Franklin v. Georgia Power Company*, ND/GA, 1:19-cv-03853, filed August 26, 2019;
    d) *Franklin v. CitiMortgage, Inc*., ND/GA, 1:19-cv-03852, filed August 26, 2019; and
    e) *Franklin v. Navient, Inc*., D/DE, 1:17-cv-01640, filed November 13, 2017.

(2)    Previously Adjudicated Related Cases:

Plaintiff contends: Plaintiff vehemently objects to Defendant's inclusion of the cases listed below because they are not related to the instant case.

Defendant contends: Plaintiff is a professional, serial abuser of the TCPA. He has litigated a number of TCPA cases in federal court. A PACER search made on July 23, 2021, reveals the following closed TCPA cases which Defendant contends are related to the instant litigation:

    a) *Franklin v. Facebook, Inc.,* ND/CA, 3:2015-cv-05448, closed February 4, 2016;
    b) *Franklin v. Atlanta Medical Center, Inc.*, ND/TX, 3:2016-cv-02505, closed October 17, 2016;
    c) *Franklin v. Express Text, LLC* – ND/IL, 1:16-CV-09660, closed May 17, 2019;
    d) *Franklin v. Express Text, LLC* – U.S. Court of Appeals, Seventh Circuit, 0:2017-cv-02807, closed March 12, 2018;
    e) *Franklin v. Express Text, LLC* – U.S. Court of Appeals, Seventh Circuit, 0:2019-cv-02041, closed November 6, 2019;
    f) *Franklin v. True Dental Discounts.com, LLC* –MD/FL,

> 6:17-cv-01600, closed December 12, 2017;
>
> g) *Franklin v. Wellcare Health Plans Inc.*, MD/FL, 8:19-cv-02049, closed August 23, 2019;
>
> h) *Franklin v Enhanced Recovery Company, LLC* - ND/FL, 3:19-cv-01448, closed July 30, 2020;
>
> i) *Franklin v Facebook, Inc.* – ND/GA, 1:15-CV-00655, closed November 24, 2015;
>
> j) *Franklin v CitiMorgage, Inc.* – ND/GA, 1:15-cv-04396, closed November 22, 2016;
>
> k) *Franklin v. Depaul University* – ND/IL, 1:16-cv-08612, closed August 25, 2017;
>
> l) *Franklin v. Papa John's International Inc.* – WD/KY, 3:16-cv-00671, closed May 1, 2017;
>
> m) *Franklin v. Lending Cloud* – WD/MI, 1:19-cv-00684, closed October 5, 2020;
>
> n) *Franklin v. Bison Recovery Group, Inc.* – WD/NY, 1:1-18-cv-00161, closed November 23, 2020;
>
> o) *Franklin v. Saint Francis Hospital Bartlett, Inc.*- WD/TN, 2:18-cv-02209, closed March 1, 2019;
>
> p) *Franklin v. Liberty University, Inc.* – WD/VA, 6:16-cv-00065, closed May 9, 2017;
>
> q) *Franklin v. Dunham Sports* – ED/MI, 2:18-cv-11000, closed May 31, 2008;
>
> r) *Franklin v. FBCS, Inc*. – ED/PA, 2:19-cv-05062, closed May 15, 2020;
>
> s) *Franklin v. Wellcare Health Plans Inc.* – MD/FL, 1:19-cv-03816, closed August 5, 2020;
>
> t) *Franklin v. Atlanta Medical Center Inc.* – ND/GA, 1-17-cv-03394, closed February 26, 2018;
>
> u) *Franklin v. Facebook, Inc.* – ND/GA, 3:15-cv-05448, closed February 4, 2016;
>
> v) *Franklin v. Enhanced Recovery Company, LLC* – ND/FL, 4:19-cv-00534, closed December 20, 2019,
>
> w) *Franklin v. Clear Spring Loan Services* – ND/TX, 3:18-cv-00228, closed May 21, 2018; and
>
> x) *Franklin v. Upland Software, Inc.* – WD/TX, 1:18-cv-00236, closed June 4, 2019.

**2.** **This case is (\_\_\_)/is not complex (x) because it possesses one (1) or more of the features listed below (please check):**

4

\_\_\_\_ (1)   Unusually large number of parties

\_\_\_\_ (2)   Unusually large number of claims and defenses

\_\_\_\_ (3)   Factual issues are exceptionally complex

\_\_\_\_ (4)   Greater than normal volume of evidence

\_\_\_\_ (5)   Extended discovery period is needed

\_\_\_\_ (6)   Problems locating or preserving evidence

\_\_\_\_ (7)   Pending parallel investigations or action by government

\_\_\_\_ (8)   Multiple use of experts

\_\_\_\_ (9)   Need for discovery outside United States boundaries

\_\_\_\_ (10)   Existence of highly technical issues and proof

\_\_\_\_ (11)   Unusually complex discovery of electronically stored

3.  **Counsel**

    **The following individually-named attorneys are hereby designated as lead counsel for the parties:**

    (1)   Plaintiff:  *Pro Se*

    Ricky R. Franklin
    708 Brambling Way
    Stockbridge, GA 30281

    (2)   Defendant Cenlar FSB d/b/a Central Loan Administration Reporting:

    Aaron A. Wagner (Georgia Bar No. 867812)
    *Email: aawagner@polsinelli.com*
    **POLSINELLI P.C.**
    One Atlantic Center, Suite 1100

       1201 W. Peachtree St., NW
       Atlanta, GA 30309
       T: (404) 253-6000

**4.**    **Jurisdiction**

**Is there any question regarding this Court's jurisdiction?**

    _____ Yes      __X__ No

**If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

**5.**    **Parties to This Action**

    (a)    **The following persons are necessary parties who have not been joined:** None

    (b)    **The following persons are improperly joined as parties:** None

    (c)    **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:** None

    (d)    **The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.**    **Amendments to the Pleadings**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.**

    (a)    **List separately any amendments to the pleadings which the parties anticipate will be necessary:**

        (1)    By Plaintiff: Plaintiff anticipates filing an amendment after

>> discovery that identifies the 3rd party marketing company that is vicarious liable for calling Plaintiff and leaving an artificial or prerecorded voice in violation of 47 U.S.C. § 227(b)(1)(A(iii).
>
> (2) By Defendant: None anticipated, but if Plaintiff does amend his pleading it is possible Defendant will need to respond to that or amend its Answer.

**(b)   Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.   Filing Times for Motions**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

**(a)   *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

**(b)   *Summary Judgment Motions:* within twenty (20) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

**(c)   *Other Limited Motions:* Refer to Local Rules 7.2; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d)   *Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.***

**8.   Initial Disclosures**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).**

Plaintiff and Defendant agree that no initial disclosures need to be made in this case and request that the order relieve them from said duty.

**9.   Request for Scheduling Conference**

**Does any party request a scheduling conference with the Court? No.**

**10.   Discovery Period**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0) months discovery period, (b) four (4) months discovery period, and (c) eight (8) month discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

Plaintiff contends:

a. The facts and allegations raised by Plaintiff regarding the sole remaining claim in the Second Amended Complaint (TCPA).

b. Cenlar's defenses to the allegations regarding the sole remaining claim in the Second Amended Complaint (TCPA).

Defendant contends:

      a. The facts and allegations raised by Plaintiff regarding the sole remaining claim in the Second Amended Complaint (TCPA).

      b. The legal authority for Plaintiff's TCPA claim.

      c. Plaintiff's other TCPA litigation and his status as a serial filer and professional abuser of the TCPA.

      d. Defendant's defenses to Plaintiff's claims.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below**: None, but issues which may arise which could potentially require additional time. Accordingly, the parties respectfully request the right to request an extension of the discovery period in good faith at a later date.

**11.   Discovery Limitations**

    **(a)**    **What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitation should be imposed?**

The parties do not request any changes in the limitations on discovery.

    **(b)**    **Is any party seeking discovery of electronically stored information?**

      __X__   Yes   _____ No

**If "yes,"**

    **(1)**    **The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g. accessibility, search terms, date limitations, or key witnesses) as follows:**

Defendant is seeking Plaintiff's emails, texts, phone records, evidence of communications (including but not limited to written, voice recording, or email) between Plaintiff and Defendant, and evidence of communications (including but not limited to written,

9

79080746.1

voice recording, or email) between Plaintiff and anyone else regarding the allegations in this lawsuit from April 2019 to present. Defendant is also seeking all of Plaintiff's cell phone records, or phone bills, from September 2019 to present for all cell phones used by Plaintiff during that time.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

Plaintiff shall produce all electronically stored data in its native form, with the exception of text messages. Text messages may be produced in .pdf format by "screenshot."

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12. Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?** None at this time. If certain confidential information or documents are requested in discovery, Cenlar will likely request a protective order to protect said information and documents pursuant to Rule 26(c).

**13. Settlement Potential:**

**(a) Plaintiff (proceeding pro se) and lead counsel for Defendant certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>July 12, 2021</u>, and that they participated previously in initial and routine settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

(1) For Plaintiff: <u>/s/ Ricky R. Franklin (w/e/p by JMK)</u>

10

  (2) For Defendant: */s/ Aaron A. Wagner and John M. Kearns*

**(b)** **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

 ( ) **A possibility of settlement before discovery.**

 (x) **A possibility of settlement after some discovery.**

 (_) **A possibility of settlement, but a conference with the judge is needed.**

 ( ) **No possibility of settlement.**

**(c)** **Defense counsel and Plaintiff (x do or ( ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is:** TBD.

**(d)** **The following specific problems have created a hindrance to settlement of this case:**

Plaintiff contends: None known at this time. Plaintiff has made an offer for settlement, Defendant has not responded to Plaintiff's offer.

Defendant contends: As a serial filer and professional abuser of the TCPA and the federal courts generally, it appears that Plaintiff has become emboldened to demand unreasonably high settlement figures while refusing to acknowledge his efforts to entrap defendants like Cenlar. At this point, Cenlar has also been unable to confirm the majority of the phone calls which Plaintiff alleges were made to his cell phone, making the parties' positions on the "facts" very divergent and settlement impossible.

**14. Trial by Magistrate Judge**

 **(a)** **The parties ( ) do consent to having this case tried before a magistrate judge of this court.**

 **(b)** **The parties (x) do not consent to having this case tried before a**

11

**magistrate judge of this Court.**

Respectfully submitted this 30th day of July, 2021.

**POLSINELLI P.C.**

| | |
|---|---|
| */s/ John Michael Kearns* <br> Aaron A. Wagner <br> Georgia Bar No. 867812 <br> *Email: aawagner@polsinelli.com* <br> John Michael Kearns <br> Georgia Bar No. 142438 <br> *Email: jkearns@polsinelli.com* <br> One Atlantic Center, Suite 1100 <br> 1201 W. Peachtree St., NW <br> Atlanta, GA 30309 <br> T: (404) 253-6000 | */s/ Ricky R. Franklin (w/e/p by JMK)* <br> Ricky R. Franklin <br> 708 Brambling Way <br> Stockbridge, GA 30281 <br><br> *Pro Se Plaintiff* |

*Attorneys for Defendant, Cenlar, FSB*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:**

SO ORDERED, this _____ day of _____, 2021.

_____
**THE HONORABLE MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE**

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2021, the foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** was filed with the Court using the CM/ECF system which will automatically send notice of its filing to all attorneys of record. I further certify that on the 30th day of July, 2021, I served a copy of the foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** via First Class U.S. Mail to:

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281

                                       */s/ John Michael Kearns*
                                       John Michael Kearns
                                       Georgia Bar No. 142438

                                       *One of the Attorneys for Cenlar, FSB*