# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RICKY R. FRANKLIN, § § Plaintiff, § § v. § § CENLAR FSB d/b/a CENTRAL LOAN § ADMINISTRATION AND § REPORTING (CENLAR) and § CARRINGTON MORTGAGE § SERVICES, LLC, § § Defendants. § | Civil Action File No.: 1:20-CV-01410-MLB-WEJ |

## DEFENDANT CENLAR FSB'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant Cenlar FSB d/b/a Central Loan Administration Reporting ("Cenlar"), hereby files its Reply to Plaintiff's Brief and Memorandum of Law in Support of His Opposition to Defendant's Motion for Summary Judgment (Doc. 77) (the "Response"):

The crux of Plaintiff's Response seems to be that "on [his] very first call" with Cenlar on October 24, 2019, he told Cenlar he "did not want to receive phone calls to his cellphone" and thereby "revoked consent" for Cenlar to contact him there. (Response, Doc. 77, p. 9.) Cenlar agrees with Plaintiff that this call occurred on

81720866.7

October 24, 2019. (*See* Cenlar's Statement of Undisputed Material Facts ("UMF"), Doc. 75-1, ¶ 11.) But that is where Plaintiff's Response comes off the rails. Plaintiff's attempt to explain his express revocation of consent falls well short of the mark because, in fact, what happened on October 24, 2019, is irrelevant to the express consent he provided on November 15, 2019, which was never altered or revoked.[1] Cenlar covered much of this in its initial briefing on the Motion for Summary Judgment, but Plaintiff has chosen to simply ignore the arguments so it bears repeating: on November 15, 2019, Plaintiff provided Cenlar express consent to contact him on his cell phone with one (1) limitation only (no auto dialer calls)—and he never "clearly expressed" any desire to change or alter that consent.

Plaintiff lists a number of times he alleges he revoked his consent for Cenlar to call him on his cell phone. Indeed, he points to several "letters" that he sent. The majority were sent before October 24, 2019, and indeed well ahead of his actual

---

[1] This Circuit applies a common-law standard with regard to consent, as it generally dovetails with the Federal Communications Commission's view that "consumers may revoke consent in any manner that clearly expresses a desire not to receive further messages" with regard to the TCPA. *See Schweitzer v. Comenity Bank,* 866 F.3d 1273, 1277 (11th Cir. 2017) (citation to FCC matter omitted). *See also Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1048 (9th Cir. 2017) ("The consumer may revoke his or her consent but in that case must clearly express that he or she does not want to receive the messages or calls.").

consent, which he provided in a November 15, 2019, call in which he actually said, "yes, you can call me on my cell."

As for the specific November 15, 2019, consent, Plaintiff placed only one (1) limitation on the calls from Cenlar and that was no "autodialer" calls. At bottom, there is no genuine issue of fact that Cenlar thereafter never called Plaintiff using an autodialer. (Singmaster Decl., ¶ 6; UMF, ¶¶ 12-14, Franklin Depo., pp. 146, l. 14-25, p. 147, l. 1-10; p. 176, l. 4-20; p. 126, l. 14-19, p. 127, l. 1-3.) The rest of Plaintiff's Opposition is just further smoke in Plaintiff's ongoing attempt to create confusion and manufacture a lawsuit.

With regard to Plaintiff's December 5, 2019, and March 7, 2020, letters to Cenlar,[2] each was addressed in Cenlar's initial briefing as well. With regard to those letters, Plaintiff never clearly revoked the consent provided on November 15, 2019. Instead, he went a step further: he was ***intentionally unclear*** in the December 5 and March 7 letters writing only that he "preferred" manual calls. These issues are more thoroughly addressed in Cenlar's initial briefing. (Doc. 75-2, pp. 18-23.)

---

[2] Other letters do provide that Cenlar may "reach [Plaintiff] via U.S. mail only." (Doc. 77-1, pp. 26, 28, 30.) But they are dated April 22, 2019, and May 31, 2019—well before the November 15, 2019, limitation of revocation described above and testified to by Plaintiff at deposition.

3

81720866.7

Moreover, Plaintiff's later-compiled, for-litigation-summarized, and inauthentic "call log" entries are belied by Cenlar's contemporaneous notes of what happened during those calls. As shown in Cenlar's additional Statement of Undisputed Material Facts, served herewith, Plaintiff advised Cenlar during the January 23 call that he "DOESNT WANT CELL PH# CONTACTED BY AUTO-DIALER"—not that he did not want "automated calls" to his cell, whatever that means under the TCPA. (*See* Statement of Additional Undisputed Material Facts, ¶ 1, served herewith, Cenlar's "SAUMF".) As for the alleged February 25 call, Cenlar's call log does not even reflect a conversation occurring that day between Cenlar and Plaintiff. (SAUMF, ¶ 2.) Instead, there was a call that was disconnected, and a manual call placed by Cenlar which resulted in a message being left on Plaintiff's answering machine. (SAUMF, ¶ 3.) ***Again, there is no genuine issue of material fact that Plaintiff provided his express consent with only one (1) caveat—do not call me with an autodialer. And that limitation was never changed and never violated. Indeed, it was repeated again by Plaintiff on January 23, 2020.*** (*See* SAUMF, ¶ 1.)

Perhaps most importantly, though, Plaintiff fails to address in his Response how he *never* advised Cenlar that it could not call him using a pre-recorded or artificial voice. As he testified at deposition:

4

```
22·    Q.    Did you ever tell them to not use a
23·  prerecorded voice when they called you?
24·    A.    Not -- I don't -- I'm not sure about
25·  that either.

·1·    Q.    Do you recall ever telling them to not
·2·  call you with an artificial voice?
·3·    A.    No, I don't recall that.
```

(Doc. 75-1, Franklin Depo., p. 126, l. 22-25, p. 127, l. 1-3, UMF, ¶ 14.) This testimony carries the day for Cenlar. No matter what Plaintiff *alleges he said* to a Cenlar representative on the phone in his self-serving call log or otherwise, Cenlar is entitled to summary judgment on his TCPA claim because the claim centers on his allegations that Cenlar contacted him using an artificial or pre-recorded voice. (*See* Doc. 75-1, UMF, ¶ 4, "In the claim still pending, Plaintiff has alleged only that Cenlar 'contacted' him 'over 62 (sixty-two) times by means of artificial pre-recorded voice messages to a cellphone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).'" (Doc. 34, ¶ 52.)).

For all of these reasons, and for the reasons set forth in Cenlar's initial briefing on its Motion for Summary Judgment, Cenlar respectfully requests the Court enter summary judgment on the remaining claim asserted against under the TCPA, that this matter be dismissed in its entirety, and for such further relief as the Court deems just and proper.

Dated: February 22, 2022.

        **POLSINELLI, PC**

        */s/ John Michael Kearns*
        Aaron A. Wagner
        Georgia Bar No. 867812
        *Email: aawagner@polsinelli.com*
        John Michael Kearns
        Georgia Bar No. 142438
        *Email: jkearns@polsinelli.com*
        1201 W. Peachtree St., NW, Ste. 1100
        Atlanta, Georgia 30309
        (404) 253-6000
        *Attorneys for Cenlar FSB*

81720866.7

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1 (C), using 14-point Times New Roman font.

> /s/ *John Michael Kearns*
> John Michael Kearns
> Georgia Bar No. 142438

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February, 2022, I electronically filed the foregoing **DEFENDANT CENLAR FSB'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system. I further certify that I mailed the foregoing document by certified U.S. mail, return receipt requested, and first-class mail to the following:

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281

> /s/ *John Michael Kearns*
> John Michael Kearns
> Georgia Bar No. 142438
>
> *One of the Attorneys for Cenlar FSB*

81720866.7