## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This Confidential Settlement and Release Agreement (the "Agreement") is made and entered into on the last date set forth on the signature page (the "Effective Date") by RICKY R. FRANKLIN ("Mr. Franklin"), and CITIMORTGAGE, INC. ("CitiMortgage") (hereinafter, collectively, the "Parties" and individually, a "Party") for the purpose of resolving by compromise all claims, liabilities, and disputes arising out of a dispute between the Parties.

### WITNESSETH

**WHEREAS**, CitiMortgage serviced a mortgage loan owed by Mr. Franklin, and, while it serviced the loan, that loan bore the number ▇▇▇▇0060 within CitiMortgage's record-keeping system (the "Loan");

**WHEREAS**, Mr. Franklin filed a lawsuit against CitiMortgage, styled *RICKY R. FRANKLIN v. CITIMORTGAGE, INC.*, Case No. 1:19-cv-03852-MLB, United States District Court for the Northern District of Georgia, Atlanta Division (the "Lawsuit"); and

**WHEREAS**, the Parties, without in any way conceding the validity or sufficiency of any claim or contention of any or all the Parties, now desire to fully compromise, finally settle, and fully release all claims, disputes and differences that were or could have been asserted in the Lawsuit.

**NOW THEREFORE**, in consideration of the facts, releases, and other promises contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is acknowledged by each Party hereto, the Parties promise and agree as follows:

1. *Payment of Settlement Funds*. CitiMortgage agrees to deliver a check in the amount of $▇▇▇▇ made payable to Mr. Franklin within thirty (30) calendar days of the date upon which counsel for CitiMortgage, Ms. Amy Keeney with Adams and Reese LLP, receives: (1) a fully executed Agreement; and (2) a current, correct, and fully completed IRS W-9 form from Mr. Franklin. Ms. Keeney must receive these documents by mail at 3424 Peachtree Road, NE, Suite 1600, Atlanta, Georgia 30326, or by e-mail at amyhanna.keeney@arlaw.com. CitiMortgage will send the check to Mr. Franklin via U.S. Mail at the address disclosed in Boxes 5 and 6 of the current, correct, and fully completed IRS W-9 form.

2. *Dismissal of Lawsuit*. Mr. Franklin agrees to dismiss the Lawsuit with prejudice and without costs. Mr. Franklin shall execute and file the Stipulation of Dismissal attached as **Exhibit A** to this Agreement within five days of the Effective Date.

3. *Mr. Franklin's Release*. Mr. Franklin, for himself and his heirs, executors, administrators, representatives, existing or former spouses, children, assigns, and any and all persons or entities claiming by or through them, (collectively, the "Releasors"), hereby releases and forever discharges CitiMortgage, its agents, employees, officers, directors, owners, assigns,

attorneys, representatives, sponsors, subsidiaries, parents, affiliates, insurers, investors, successors, predecessors, shareholders, sub-servicers, and all other firms, persons, corporations or entities, whether named or unnamed, none of whom admit any liability to Mr. Franklin and all of whom expressly deny any liability and whom shall be deemed intended third-party beneficiaries of this Agreement (collectively, the "Releasees"), from any and all claims, demands, damages, actions, causes of action, suits, subrogation interests, liens, costs, expenses, attorneys' fees, judgments, sums of money or claims of any kind or nature whatsoever, including, but not necessarily limited to all claims, known and unknown, both to person and property, which were or could have been raised in, arise out of, relate to, or in any way, directly or indirectly, involve the Loan or the Lawsuit. Mr. Franklin specifically acknowledges and agrees that the scope of this release includes, but is not limited to, all claims or matters alleged or that could have been alleged against CitiMortgage in the Lawsuit. It is the intention and effect of this release to discharge all claims that the Releasors have or may have against the Releasees up until and including the Effective Date.

4. <u>No Admission of Liability</u>. It is expressly understood and agreed that this is the settlement and compromise of a disputed claim. Mr. Franklin expressly understands and agrees that nothing in this Agreement shall be construed as an admission of liability, wrongdoing, or of any allegation contained in the Lawsuit.

5. <u>Authority to Execute</u>. Mr. Franklin agrees that, except for any liens that may exist, no other person or entity has or has had any right, title, or interest in the claims, demands, obligations, or causes of action released hereby; that he has not assigned, or in any way conveyed, transferred, or encumbered all or any portion of the claims covered by this Agreement or encompassed within the Lawsuit to any other person or entity; and that he has the sole right, capacity and exclusive authority to execute this Agreement.

6. <u>Confidentiality</u>. Mr. Franklin agrees that neither he nor his attorney(s), to the extent he worked with any in connection with this Lawsuit, or agents shall in any way publicize or disclose to any person or party the terms and conditions of this Agreement other than as is necessary for: preparing federal or state tax returns, and then only to the extent necessary for the preparation of such return; and resolving any issues regarding subrogation interests, and then only to the extent necessary to inform such interested parties of the amount of money received for this Agreement.

**Mr. Franklin further agrees and acknowledges any breach of this provision will constitute a material breach of this Agreement from which CitiMortgage will suffer irreparable harm and that monetary damages may be inadequate to compensate for such breach.** Thus, CitiMortgage will be entitled to all remedies and damages available at law or in equity, including, without limitation, attorneys' fees, costs and expenses, as well as injunctive relief to enforce the terms of this Agreement. Mr. Franklin further agrees that if CitiMortgage commences any action to specifically enforce any of its rights under this Agreement, injunctive or otherwise, Mr. Franklin hereby waives and agrees not to assert as a defense that CitiMortgage has an adequate remedy at law.

7. **Tax.** Mr. Franklin acknowledges and agrees that: (a) CitiMortgage may report any consideration made pursuant to this Agreement to the Internal Revenue Service and/or state and local tax authorities or agencies; (b) Mr. Franklin is solely responsible for determining and satisfying any tax liability resulting from any consideration made pursuant to this Agreement; and (c) CitiMortgage has made no representations, or offered any advice or opinion, concerning the tax consequences of this Agreement or consideration made under this Agreement.

8. **Entire Agreement.** Mr. Franklin agrees that no promise or inducement has been offered except as herein set forth; that this Agreement is executed without reliance on any statement or representation by CitiMortgage or its representatives or attorneys concerning the nature and extent of the injuries and/or damages and/or legal liability therefore; that the undersigned is of legal age and legally competent to execute this Agreement and to accept full responsibility therefore. The Parties have relied wholly upon their own judgment, after consultation with counsel, and have not relied upon any representation or inducement not contained herein. Mr. Franklin acknowledges that he reviewed this Agreement with his attorney(s), to the extent he worked with any in connection with this Lawsuit, and agrees to its terms.

9. **Governing Law.** This Agreement shall be governed by the laws of the state of Georgia, notwithstanding any conflict of laws principles, and constitutes the entire agreement among the Parties. The Parties agree that, to the extent there is any dispute regarding this Agreement or the enforceability thereof, the Parties shall submit such dispute to United States District Court for the Northern District of Georgia, Atlanta Division.

10. **Binding Effect.** This Agreement is binding on the Parties, their respective successors, spouses, agents, attorneys, assigns, heirs, and personal representatives.

11. **Presumptions.** It shall be considered that this Agreement has been jointly drafted and composed by the respective Parties. The terms of this Agreement shall not be interpreted or construed in favor of or against any Party.

12. **Attorneys' Fees and Costs.** The Parties acknowledge and agree that they shall bear all of their own attorneys' fees, costs, and expenses in connection with the Lawsuit.

13. **Understanding and Severability.** Mr. Franklin hereby declares that the terms of this Agreement have been completely read, fully understood and voluntarily accepted for the purpose of making a full and final compromise settlement on account of all injuries and/or damages above-mentioned and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid occurrence. If any provision, or any part of any provision of this Agreement shall for any reason be held to be invalid, unenforceable or contrary to public policy or any law, then the remainder of this Agreement shall not be affected thereby. In lieu thereof, the Parties, in good faith, shall negotiate a provision that is similar in terms to such unenforceable provision or invalid provision as may be possible and be enforceable and valid.

14. <u>Signature</u>. The Parties may execute the Agreement in multiple counterparts, with separate pages for each Party, each of which is deemed an original, but all of which, taken together, are deemed to constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties hereto have caused this document to be executed on the last day set forth below.

_____
RICKY R. FRANKLIN

Signed sealed and delivered before the undersigned this 10 day of May, 2022.

_____
Notary Public
My Commission Expires: 05/09/20__

[Notary Seal: MELISSA A PREUSSER, NOTARY PUBLIC, Exp. May 9, 2025, HENRY COUNTY, GA]

CRIMORTGAGE, INC.

By: David Hattrell
Its: Vice President